HENRY ROBERTSON and others, Respondents, *v.* ISAAC KNAPP
and others, Appellants.

35    91
128   479

Farmers and residents of the immediate neighborhood are competent witnesses
to fix the price of land in their neighborhood.

One, who has formerly been a farmer, but has changed his occupation to that
of a mechanic, is, nevertheless, a competent witness to testify to the value of
land in his neighborhood.

Where witnesses are called to give testimony upon questions of skill, &c.,
reference is had to subjects upon which the jury are supposed to have less
knowledge than the witnesses.

*John S. Hart*, for the appellants.

*John H. Reynolds*, for the respondents.

LEONARD, J.   This is an equity action, tried before a single justice, in the Supreme Court, second district, without a jury.

The plaintiffs are judgment creditors of the defendant Westcott, with execution returned unsatisfied, and the object of the action is to set aside a deed of his farm, executed by himself and wife to the defendant Knapp, upon the ground of fraud as to the creditors of said Westcott.   The judgment rendered by the court below declared the said deed to be fraudulent as to the plaintiffs, and the land to be subject to the judgments in the same manner as if the said deed had not been executed, and that the plaintiffs recover their costs. The facts and conclusions of law are clearly found by the court, and fully sustain the judgment so rendered.   An objection and exception was taken by the defendants at the trial to the admission of certain evidence in respect to the value of the land, on the ground of want of competency. The evidence of the fraudulent character of the conveyance consisted of the insolvency of the debtor, well known to Knapp, his grantee, the inadequacy of price, consisting chiefly of old debts due to relatives for small sums, which appeared to be barred by the statute of limitations, and large arrears of interest thereon, no present consideration being paid, and

the debtor remaining in the continued occupation of the premises.

To establish the inadequacy of the price named in the deed, a number of witnesses were called for the plaintiffs, who resided in the neighborhood, of whom inquiry was made as to the value of the premises. The defendants' counsel insists that these witnesses should be shown to be experts, or specially skilled, before they can be permitted to express any opinion, and that the facts only are to be admitted. In general the opinion of the witness is not evidence, but there are exceptions to the rule. The exceptions generally proceed on the principle, that the question is one of science or skill, or has reference to some subject upon which the jury are supposed to have less knowledge than the witness. The case of the value of property forms one of the admitted exceptions. The opinions of witnesses are admitted as to the value of property. (*Jay* v. *Hopkins*, 5 Denio, 84, and cases there cited; *Clark* v. *Baird*, 5 Seld., 183.)

The witnesses in this case were farmers, and residents of the immediate neighborhood where the land is situated. Some of them were then engaged in mechanical pursuits, but had been engaged in farming at some time in their lives.

There are no certain data which, if given, will fix the value of land. The same data will produce widely different results as to the value, depending perhaps on location and the use to which it can be applied, or upon the demand.

The value of land in the vicinity is usually understood by all of the residents of a farming neighborhood, without respect to occupation. I can perceive no objection to the competency of the evidence objected to.

The following cases cited by the defendants' counsel relate to questions of a different character, and are not applicable here. In the case of *De Witt* v. *Barley* (5 Seld., 375), witnesses were allowed to give an opinion as to the sanity of a person who were not possessed of any science or skill on the subject, and this was held to be error.

The case of *McGregor* v. *Brown* (6 Seld., 119), also relied on by the defendants, was an action for waste, and a witness

testified that he considered the cutting of timber a benefit to the inheritance. The cutting of timber by a tenant is a waste in contemplation of law, and changed the nature of the property demised. It is also quite evident that the facts were in such a case better evidence than the opinions of witnesses.

The case of *Van Deusen* v. *Young* (29 N. Y., 27) was also an action for waste. The witness had been asked whether "the farm would be worth more or less with the timber cut off." In this case, like the last, it was held that the opinions of witnesses as to the value of the inheritance were not admissible. The rule admitting the opinion of witnesses as to the value of property in cases where the value was properly the subject of inquiry, was not referred in the cases above mentioned, nor was any disapprobation expressed as to the decision in the case of *Clark* v. *Baird* (*supra*), made in this court. In that case the various decisions bearing upon the question were laboriously collected and fully stated. It would be a work of supererogation to again examine them. I think there was no error in the judgment, and that it should be affirmed, with costs.

All the judges concurring.

Judgment affirmed.