WILLIAM ANSLYN ET AL., Respondents, v. CHARLES H. FRANK ET AL., Appellants.

January 20, 1880.

1. In actions for damages for deceit, where the plaintiff retains the property, the measure of damages is the difference between the represented and the actual value of the property at the time the representations were made.

2. Where it is alleged that deceit was practised as to two matters, it is error to give an instruction assuming that if there was deceit it must have been as to both matters.

3. Where the plaintiff exchanges an encumbered tract of land for the property as to which the deceit is alleged to have been practised, that the land is not worth the encumbrance is not a defence to an action for damages for the deceit.

4. A farmer living in the vicinity of, and acquainted with the land in controversy is a competent witness as to its value, where it does not appear to have any peculiar value of which an ordinary farmer would not be a good judge.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

THEO. H. CULVER, for the appellants : The measure of damages is the difference between the value of the property sold at the time of the sale, if the property had been as represented by the defendants, and its value as it was in point of fact. — *Brownlee* v. *Hewitt,* 1 Mo. App. 360 ; *Langdon* v. *Green,* 49 Mo. 363 (367) ; *Page* v. *Parker,* 43 N. H. 363 ; *s. c.* 40 N. H. 47 69 ; *Gibson* v. *Marquis,* 29 Ala. 668 (673) ; *Maison* v. *Rupple,* 66 Barb. 180 ; *Wyeth* v. *Morris,* 20 N. Y. 338 ; *Morse* v. *Hutchins,* 102 Mass. 217, 439.

ALEX. MARTIN, for the appellants.

BRITTON A. HILL, GEORGE M. STEWART, and JOHN O'CONNOR, for the respondents : The measure of damages in action for deceit is the same as in actions for breach of warranty. — *Stiles* v. *White,* 11 Metc. 356. The measure of damages is the difference between the actual value of the thing warranted and the price paid for it. — *Wintz* v. *Morrison,* 17 Texas, 372 ; *McAlpine* v. *Lee,* 12 Conn. 120 ; *Soper* v. *Breckinridge,* 4 Mo. 14 ; *Courtney* v. *Boswell,* 65 Mo. 196 ; *Walls* v. *Gates,* 4 Mo. App. 1 ; *Brownlee* v. *Hewitt,* 1 Mo. App. 360 ; *Burt* v. *Dewey,* 31 Barb. 540 ; *Ware* v. *Weathnall,* 2 McCord, 413 ; *Arthur* v. *Moss,* 1 Or. 193 ; *Anding* v. *Perkins,* 29 Texas, 348. The testimony of Sisco was competent, a proper foundation having been laid for it. — *Shattuck* v. *Railroad Co.,* 6 Allen, 115 ; *Fowler* v. *Commissioners,* 6 Allen, 92 ; *Flint* v. *Flint,* 6 Allen, 34 ; *Thomas* v. *Mallinckrodt,* 43 Mo. 65 ; *Whitman*

v. *Railroad Co.*, 7 Allen, 313; *Robertson* v. *Knapp*, 35 N. Y. 91.

HAYDEN, J., delivered the opinion of the court.

This is an action to recover damages which ensued, as the plaintiffs allege, in consequence of the deceit of the defendants. The substance of the petition is, that the defendants, who were real-estate agents, undertook for the plaintiffs to sell or exchange certain encumbered real estate of the plaintiffs on Taylor Avenue, in St. Louis, and in September, 1877, represented to the plaintiffs that they, the defendants, could exchange such real estate, as encumbered, with one Evans for a good note for $342.62 and eighty acres of land in Oregon County, Missouri, worth at least $15 an acre, Evans to pay the debt on the plaintiffs' land when such debt became due; that, confiding in these representations, the plaintiffs conveyed their land to Evans; that the land in Oregon County proved to be worthless, or nearly so, and the note of no value; that Evans failed to pay the encumbrance on the plaintiffs' land, in consequence of which it was sold, under power of sale in the deed of trust, for less than the amount of such debt. It was charged that the defendants knew that their representations were false, and knew the actual facts, and thus knowing, made the exchange on the part of the plaintiffs. There was a general denial, and a verdict for the plaintiffs for $1,542.

It is contended that there is no evidence to prove that the defendants were acting for the plaintiffs, or that the defendants acted fraudulently, or with knowledge as to the real character of the Oregon County land and the note; but though there certainly is evidence to show that the plaintiffs acted for themselves, and upon their own judgment, in making the exchange, yet there is some evidence to the contrary, and this question has been decided by the jury under the instruction — the only one asked by the defendants on this subject — that the plaintiffs could not recover

if they relied on their own judgment in making the trade, and not on the representations of the defendants. Indeed, all the instructions asked by the defendants were given; and those of the plaintiffs require the jury to find that the plaintiffs relied upon the representations and the judgment of the defendants, and not upon the judgment or knowledge of the plaintiffs. It is said that there is error in using the words " no substantial value " in describing hypothetically the value of the property; but we see no error in this, in view of the evidence. The testimony, if believed, tended to prove that the land in Oregon County was of no value for any practical purpose, and that the note was of no value.

The principal question in the case is that in regard to the measure of damages. The court below instructed that if the jury found " that the land in Oregon County, or the note of Thomas Allen or the security which accompanied it, were of no substantial value when said trade was made, and defendants knew that fact before or at the time said trade was made, and did not make it known to the plaintiffs, then the defendants are liable in this action.

" If the jury find for the plaintiffs in this case, they will assess their damages at such sum as they may find from the evidence was the difference between the value of the property sold by the plaintiffs to Julia Evans, less whatever encumbrances remained unpaid thereon at the time of the sale, and the actual value of the property they received in exchange for same, to which amount they may add six per cent interest from date of this suit."

The first instruction should have read, " or the note of Thomas Allen *and* the security," etc., since if the note was good and the security bad, the jury would not on that ground have been justified in finding for the plaintiffs. Both should have been bad; and though the note could not have been bad and the security good, the note might have been good and the security bad. The criticism of the de-

fendants, however, as to the first instruction is not well founded. This instruction says nothing as to the measure of damages. Its conclusion is merely that the defendants are liable, and this was correct; for if either the Oregon County land or the Allen note and security were of no value, upon the contingencies stated in the first instruction, then the plaintiffs were entitled to recover. Suppose, for instance, the defendants had practised deceit in regard to the Oregon County land, but none as to the note, then, though the plaintiffs' loss on the note would not be an element of damages in this case, yet the plaintiffs not the less would be entitled to recover. If, on the other hand, the plaintiffs by the bargain had lost $1,200 on account of the worthlessness of the Oregon County land, yet if this loss had not occurred through any deceit of the defendants, there could be no recovery for that loss; but this would not affect the plaintiffs' right to recover for deceit as to the note.

It is to the second instruction that the criticism applies. This instruction makes no distinction, but lays down one common rule for two very different cases, the finding as to the note and as to the Oregon land, which have just been contrasted in what we have said as to the first instruction. As the evidence was different, the jury may have found there was deceit as to the note and none as to the land. If there was no deceit as to the land, — if plaintiffs knew as much about the land as the defendants, and relied on their (plaintiffs') judgment, — then, even if the land was worthless, the defendants are not responsible for such loss. Yet the second instruction says that the difference between the value of the plaintiffs' equity of redemption "and the actual value of the property they received in exchange for same" is the measures of damages; thus fastening the loss on the Oregon County land, which on the plaintiffs' theory was $1,200, upon the defendants. It is obvious that the second instruction should not have assumed, as it does, that if there was deceit at all, it must have existed as to both land and

note. The element of damages should have been contingently eliminated from the case to correspond with a possible finding on the facts.

It may be argued that the verdict shows that the jury believed that the defendants had practised deceit both as to the Oregon County land and the note, but this would be a pure assumption. Suppose they found there was no deceit as to the land, but that there was deceit as to the note? They would then find for the plaintiff, and, under the second instruction, assess the value of the equity of redemption, less the "actual value of the property" received in exchange, which actual value, on the basis of the verdict, would be nothing. In other words, they would fail to charge the plaintiffs with $1,200, a loss with which the defendants, *ex hypothesi*, would have nothing to do.

For this error, which may have worked wrong to the defendants, the judgment must be reversed. But it is also evident that the instruction just examined was erroneous in theory, in selecting the value of the plaintiffs' property received by Evans in exchange as a standard of comparison. This error appears to have arisen from assuming that the measure of damages is the same in actions for deceit as in actions for breach of warranty. This is true in some cases (see *Shultz* v. *Christmann*, 6 Mo. App. 338; *Page* v. *Parker*, 43 N. H. 371; *Stiles* v. *White*, 11 Metc. 356), but not in all, as the present case demonstrates. Here the defendants are not vendees, nor are they principal parties to any bargain, nor did they receive price or property. It was a third person, Evans, who received the Taylor Avenue property, and with that property the defendants' deceit has nothing to do. The Taylor Avenue property, less the encumbrance, may have been worth little or nothing, yet the plaintiffs are entitled to recover if they have lost through deceit of the defendants, since the benefit of plaintiffs' bargain with a third person is lawfully their property. Thus the instruction asked by

the plaintiffs was unfair to themselves, and affords no true
test of damages.

Independently of the greater or less value of the Taylor
Avenue property, the measure of damages, if there was de-
ceit as to both the Oregon County land and the note, is the
difference between their value as represented and their
actual value. In *Brownlee* v. *Hewitt*, 1 Mo. App. 362, the
defendant made the bargain and received the goods ; hence
the instruction, though incorrectly expressed, was not erro-
neous, since the price there answered to the value of the
property as represented. In certain cases the price paid
may be the only evidence of the value of the property as
represented to be ; and in most cases the price will be
strong evidence of the represented value. *Clare* v. *May-
nard*, 7 Car. & P. 741 ; *Houghton* v. *Carpenter*, 40 Vt. 588 ;
*Cary* v. *Gruman*, 4 Hill, 625. The rule, however, in
actions for deceit, where the plaintiff retains the property,
is that the measure of damages is the difference between the
value of the property as to which the deceit is practised, as
such property would have been if it had been as represented,
and the actual value as it was ; since the damage relates
merely to that property, and since the damage cannot ex-
tend further than the deceit. So, where, as to a given piece
of property, the deceit is found to relate only to certain
particulars, though misrepresentations may have been made
as to other particulars, the measure of damages will be the
difference between the real value and the value as repre-
sented in those particulars in relation to which the false and
fraudulent representations were actually made. *Page* v.
*Parker, supra*.

It follows from what has been said that the instruction
asked by the defendants, and given for them, to the effect
that the plaintiffs could not recover if the lot traded to
Evans was not, at the time of the trade, worth as much as
the encumbrances upon it, was erroneous. The plaintiffs
and Evans were at liberty to make bargains as to the plain-

tiffs' property as they pleased; and the fact that Evans received no consideration, or made a bad bargain, cannot prevent the plaintiffs from recovering for injury suffered from the wrong of the defendants.

The testimony of Sisco, to the effect that the land in Oregon County was worthless, was properly admitted. It is objected that no foundation was laid, and that he was not shown to be an expert. But it appeared that he was a farmer; that he had lived for thirteen years near the land in question; that he was well acquainted with these lands; and the facts on which his opinion is based are given. He testified that this land was generally hilly and stony. In view of these facts, this land being wild land, and having no peculiar value as to which the witness was incompetent to testify, his evidence was properly received. *Shattuck* v. *Railroad Co.*, 6 Allen, 115; *Whitman* v. *Railroad Co.*, 7 Allen, 313; *Robertson* v. *Knapp*, 35 N. Y. 91.

The question as to what the witness would have given in cash was, of course, improper. This could not affect his testimony that the land was worthless.

For error in giving instructions, the judgment must be reversed and the cause remanded. Judge BAKEWELL concurs; Judge LEWIS is absent.