MCCORMICK HARVESTING MACHINE COMPANY V. M. B. DAVIS.

FILED MARCH 6, 1901. No. 9,371.

1. Interpretation of Contract: DUTY OF COURT. It is the duty of the court to interpret the contract between the parties.

2. Doer of Work Competent to Testify to Value Thereof. One who has kept a team for another is competent to testify to the value of such keep.

ERROR from the district court for Otoe county. Tried below before RAMSEY, J. *Reversed.*

*Ricketts & Wilson,* for plaintiff in error.

*Monroe L. Hayward* and *Paul Jessen, contra.*

NORVAL, C. J.

In 1894 one G. T. Davis acted as agent at Nebraska City, in this state, for the McCormick Harvesting Machine Company in the sale of its goods. Authority to so act was given by virtue of a written contract, which empowered him to sell for it, on commission, certain harvesting machines, twine binders, trucks, bundle carriers, flax dumps and repairs. The defendant in the lower court, M. B. Davis, signed the following contract of guaranty on the back of the above mentioned contract of agency:

"In consideration of one dollar paid to me by the McCormick Harvesting Machine Company, the receipt of which is hereby acknowledged and in a further consideration of constituting the within named agency by the McCormick Harvesting Machine Company, I hereby guarantee to them the fulfillment of the within contract and the payment of all obligations arising under the same, on the part of the said G. T. Davis.

"Dated this 6th day of Feb., 1894.     M. B. DAVIS.

"Attested, O. F. SPENCER."

On an attempted settlement, after the season's sales were made, the agent and said company failed to agree, the latter claiming there was due it on account of goods sold, after deducting all commissions and other credits to which said G. T. Davis was entitled, some $203.36, and said Davis insisted, on the trial at least, that said company had been fully paid. In consequence of such disagreement the company sued the guarantor, M. B. Davis, and the latter having on trial in the district court recovered a verdict and judgment, the plaintiff comes to this court on error.

By the terms of the contract said G. T. Davis agreed to collect from the purchasers of machines and goods all freight thereon from Chicago, or to assume loss on same. On the trial, and under the issues, there was a controversy over this freight, particularly concerning that upon harvesting machines sold by Davis. The plaintiff contended that Davis was to collect the freight over and above the price for which the machines were actually sold, and Davis claimed that the freight was included in the purchase price thereof, and made up a part of each note taken, where time sales were made. Under these circumstances it was the duty of the trial court to construe the contract between the parties, and we think it was error for the court to refuse the following instruction tendered by plaintiff: "You are instructed that, by the contract between plaintiff and said Davis, the said Davis was obliged to collect from the purchasers of machines the Chicago freight paid by him thereon, or to assume the loss on such freight as paid by him, and he was obliged to collect such freight over and above the selling price fixed by the plaintiff." We have no doubt this instruction properly construed the contract, relative to the question of freight, and should have been given, and failure to give it was error, as the court did not construe the contract in any instruction. This we think is true although there was controversy as to whether in one or two instances the company, owing to its having sent ma-

chines to the wrong places, or having lost a sale, owing to the failure of a machine to work, was not under obligations to pay or refund to Davis freight paid in such instances. The plaintiff was entitled to have the contract construed in the respect mentioned, and the court should have given this instruction, or one similar to it, its attention having been called to that question. The mere fact that there was a controversy as to debits and credits on sales, and in relation to freight paid, did not render such instruction inapplicable to the issues, and it would certainly have been of assistance to the jury in reaching a just conclusion on that question.

The court deems it unnecessary to pass upon all the questions of law raised in the brief of plaintiff. One relative to admission of certain evidence may be noticed. G. T. Davis claimed that he was entitled to a considerable credit on the account between him and plaintiff by virtue of his having, as he claims, kept and boarded a team for plaintiff. After having testified to the fact that having kept and boarded the same, and the length of time, he was asked, "What has it been worth by the month?" To this objection was made, as incompetent, immaterial, irrelevant and that no foundation had been laid, which objection being overruled, exception was taken. Witness then, without having expressly shown that he knew the value of such keep, testified that it was worth a certain amount. It is claimed that the admission of this evidence was erroneous. The witness had testified that he had rendered these services, and for that reason his evidence was competent without his having first disclosed other qualifications to testify on that subject. The owner of land may testify to its value; and he who has rendered services is also competent to testify as to the value of such service, without other qualifications being shown. *Chicago, B. & Q. R. Co. v. Shafer*, 49 Nebr., 25; *Robertson v. Knapp*, 35 N. Y., 91; *Edwards v. Fargo & S. R. Co.*, 33 N. W. Rep. [Dak.], 100, 105; *Tucker v. Massachusetts C. R. Co.*, 118 Mass., 546; *Mercer v. Vose*, 67 N. Y., 56.

For the reason stated the judgment of the lower court must be reversed and the cause remanded.

REVERSED AND REMANDED.