(120 N. W. 554.)

---

JOHN L. SCHMIDT v. ARTHUR N. BEISEKER.

Opinion filed April 17, 1909.

**Appeal and Error — Points on Former Appeal.**

1. Questions fairly raised and decided on a former appeal in the same action are not open for consideration on a subsequent appeal, as such decision on the first appeal, whether right or wrong, became and is the law of the case.

**Evidence — Opinion    Evidence — Value of Farm Lands.**

2. Upon the question of the value of farm lands, the opinions of farmers are admissible, where they live in the vicinity of the land, are acquainted with its situation and quality, and its adaptability for agricultural purposes, and state that they know its value, although they

may not have been engaged in buying and selling land and have no knowledge of an actual sale·of the lands in question or of similar lands.

**Appeal and Error — Sufficiency of Evidence to Sustain Verdict — State-ment of Case — Specification of Particulars.**

3. The question of the sufficiency of the evidence to sustain the verdict cannot be considered for the reasons: (a) The record does not affirmatively show that.it embraces all the evidence; and (b) no proper specification of particulars is incorporated in the statement of case.

Appeal from District Court, Wells county; *Burke, J.*

Action by John L. Schmidt against Arthur N. Beiseker. Judgment for plaintiff, and, from an order denying a new trial, defendant appeals.

Affirmed.

*Bessessen & Berry* and *Burke & Middaugh,* for appellant.

*Hanchett & Wartner,* for respondent

FISK, J.    This case was here on a previous appeal (Schmidt v. Beiseker, 14 N. D. 587, 105 N. W. 1102, 5 L. R. A. [N. S.] 123, 116 Am. St. Rep. 706), and it was there held that the contract relied upon by plaintiff, for a breach of which damages were sought, is not within the statute of frauds, as contended by defendant's counsel, and the ruling of the trial court in dismissing the action upon the ground that the complaint failed to state facts sufficient to constitute a cause of action was reversed, and the cause remanded for further proceedings.    For a statement of the facts, see former opinion.    The cause was again tried in the court below, which trial resulted in a verdict and judgment in plaintiff's favor.    In due time a motion for a new trial was made and denied, and it is from the order denying such new trial that this appeal is prosecuted.    No assignment of errors is contained in appellant's brief.    Hence under rule 14 (91 N. W. viii) it is optional with this court whether it will notice any of the alleged errors.    We have decided, however, to briefly consider appellant's several contentions.

The main portion of appelant's printed brief and argument is devoted to a discussion of the proposition that the contract forming the basis of plaintiff's cause of action is within the statute of frauds, and hence the recovery of damages for the breach thereof cannot be

sustained. A conclusive answer to such contention is the fact that this precise question was squarely raised and decided on the former appeal adversely to appellant's contention, and such decision, whether right or wrong, is now the law of the case. This is elementary.

It is contended that certain testimony relative to the value of the land, and hence having a bearing upon the extent of plaintiff's damages on account of the breach of the contract, was incompetent, and therefore the lower court erred to defendant's prejudice in receiving such testimony and in refusing to strike the same out on motion. There is no merit to this contention. The evidence thus objected to consists of the testimony of certain witnesses who were farmers residing in the vicinity of such land. These witnesses testified that they were acquainted with this land, knew the character of its soil, its adaptability for agricultural purposes, and also its value. Their testimony was clearly competent. Abb. Tr. Ev. (2d Ed.) p. 922; Kansas City Ry. Co. v. Allen, 24 Kan. 33; Robertson v. Knapp, 35 N. Y. 91; Keithsburg, etc., R. Co. v. Henry, 79 Ill. 290; Pa. etc. R. Co. v. Bunnell, 81 Pa. 414; Cent. R. Co. v. Pearson, 35 Cal. 247; Kans. City R. Co. v. Ehret, 41 Kan. 22, 20 Pac. 538; Railway Co. v. Hawk, 39 Kan. 638, 18 Pac. 943, 7 Am. St. Rep. 566; Ball v. Railway Co., 74 Iowa, 132, 37 N. W. 110.

The question of the sufficiency of the evidence to sustain the verdict requires but brief notice. In the first place, the record does not affirmatively show that it contains all the evidence. This is essential to a review of the sufficiency of the evidence by this court. Such is the universally established rule in this country, and the citation of authorities is unnecessary. In the second place, while the notice of intention to move for a new trial and the motion for a new trial both specify the statutory ground of insufficiency of the evidence to justify the verdict, the only specification of particulars in which the evidence is alleged to be insufficient, which is incorporated in the settled statement of the case, is that there was no evidence adduced showing that plaintiff was qualified, under the statutes of the United States, to purchase the land in question. The point covered by such specification is not argued or referred to in appellant's brief and hence is deemed abandoned. Obviously we cannot notice other grounds of insufficiency, as they were not brought to the attention of the trial court.

Respondent's counsel asks this court to impose the statutory penalty of 10 per cent. of the amount of the judgment for delay oc-

casioned by the appeal. This is denied, as it does not appear that as contended by respondent's counsel.

MORGAN, C. J., not participating on account of illness.

The order appealed from is affirmed. All concur.
such appeal was taken in bad faith and for the purpose of delay,