1998 ND 96

Kenneth J. MURCHISON a/k/a Kenneth J. Murchinson, Applicant and Appellant,

v.

STATE of North Dakota, Respondent and Appellee.

Civil No. 970390.

Supreme Court of North Dakota.

April 28, 1998.

Kenneth Murchinson, pro se, applicant and appellant.

Patricia L. Burke, State's Attorney, Bismarck, for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Kenneth Murchison, a/k/a Kenneth Murchinson, appeals from the Burleigh County District Court's order denying his application for post-conviction relief. We affirm.

[¶ 2] Murchison was tried and convicted of delivery of marijuana in March 1995. Murchison appealed his conviction, which was affirmed in *State v. Murchison,* 541 N.W.2d 435 (N.D.1995). Murchison filed an application for post-conviction relief on January 19, 1996. In his application, Murchison alleged the trial court had violated his constitutional right to a speedy trial, the trial court lacked jurisdiction at the time of trial, and he was denied effective assistance of counsel. Murchison, by two separate letters, requested new counsel be appointed for him. The trial court denied his request for counsel and denied his application on the basis those issues were previously raised and decided in Murchison's direct appeal of his conviction. Murchison did not appeal from the trial court's denial of his January 19, 1996, application for post-conviction relief.

[¶ 3] On May 21, 1996, Murchison again applied for postconviction relief, claiming he had been denied due process, the trial court lacked jurisdiction at the time of trial, and his attorney failed to secure his right to a speedy trial under the Uniform Mandatory Disposition and Detainers Act under N.D.C.C. ch. 29–33 (apparently another ineffective assistance of counsel claim). On June 26, 1996, the trial court entered an order relieving Murchison's court-appointed attorney, and denying his request for another court-appointed attorney.[1] Murchison appealed that order to this Court. We dismissed the appeal as interlocutory and not appealable without a final disposition on the application for post-conviction relief. The record reflects the trial court had not ruled on the June 26, 1996, application for post-conviction relief.[2]

[¶ 4] Murchison filed a third application for post-conviction relief on November 24, 1997. In this application, Murchison claimed the trial court lacked jurisdiction at the time of his conviction and sentence, the conviction was obtained in violation of his privilege against self-incrimination, and he was denied effective assistance of counsel. The trial court denied the application on the ground those issues had already been raised and answered in previous appeals to the Supreme Court. Murchison appeals.

I

[¶ 5] On appeal, Murchison argues the trial court lacked jurisdiction at the time of trial. Murchison contends the trial court lost jurisdiction when he was not tried within ninety days after he requested a speedy trial under N.D.C.C. § 29–33–03 of the Uniform Mandatory Disposition of Detainers Act. Murchison's argument is without merit.

[¶ 6] Under the Uniform Mandatory Disposition of Detainers Act, a prisoner has the right to have any pending criminal action brought to trial within ninety days of a written request, unless the time is extended by stipulation or for good cause. N.D.C.C. § 29–33–03. After a written request is made, the trial court loses jurisdiction if a trial is not held within the ninety-day period. N.D.C.C. § 29–33–03. However, as noted in Murchison's original appeal of his conviction, "that right does not exist here because Murchison did not make a written request under N.D.C.C. § 29–33–01 after he was imprisoned in September 1994." *Murchison,* 541 N.W.2d at 438, n. 1.

[¶ 7] Murchison brings this appeal under the Uniform Post-Conviction Procedure Act, Chapter 29–32.1, N.D.C.C. Section 29–32.1–12(1), N.D.C.C., allows for applications for post-conviction relief to be denied if the same claim or claims were fully and finally determined in a previous proceeding. Murchison raised jurisdiction as an issue in two previous applications for post-conviction relief, and in his direct appeal of his conviction. As we noted in *State v. Manke,* 361 N.W.2d 247, 248 (N.D.1985), postconviction proceed-

---

1. The record does not reflect a request of court-appointed counsel accompanying this application. However, because Murchison appealed this order, we acknowledge a request must have been made.

2. Murchison failed to provide an adequate record of the proceedings below, by failing to pro-

vide an appendix as required under Rule 30, N.D.R.App.P. Murchison also failed to include any reference to his previous direct appeal and applications for post-conviction relief in his most recent application for post-conviction relief as required by N.D.C.C. § 29–32.1–04(2).

ings are not intended to allow a defendant multiple opportunities to raise the same issues.[3] When issues have been previously raised on direct appeal of a conviction, they cannot be raised again in a subsequent post-conviction relief proceeding. *Id.* at 248–49; *Hoffarth v. State*, 515 N.W.2d 146, 150 (N.D. 1994); *see also State v. Johnson*, 1997 ND 235, ¶ 13, 571 N.W.2d 372 (stating defendant is not entitled to bring repetitious actions for post-conviction relief when the contentions raised on appeal were simply variations of previous arguments).

[¶ 8] Because Murchison failed to request a speedy trial under N.D.C.C. ch. 29–33, and because that issue has been fully adjudicated in his previous appeal, the trial court did not err in denying his application for post-conviction relief on the issue of lack of jurisdiction.

## II

[¶ 9] Murchison argues he was denied effective assistance of counsel. Murchison contends he suffered ineffective assistance of counsel, because his attorney failed to request a speedy trial under N.D.C.C. ch. 29–33. We disagree.

[¶ 10] Murchison's attorney demanded a speedy trial for him, but not under N.D.C.C. ch. 29–33. *Murchison*, 541 N.W.2d at 438. Murchison did not raise the issue of ineffective assistance of counsel on his first appeal. Murchison did, however, raise this issue in his initial application for post-conviction relief. The trial court denied the application, and Murchison did not appeal from that denial.

[¶ 11] As we stated earlier, applications for post-conviction relief may be denied if the same claim or claims were fully and finally determined in a previous proceeding. N.D.C.C. § 29–32.1–12(1). Because Murchison failed to appeal his initial application for post-conviction relief, his ineffective assistance of counsel claim was fully and finally determined in that previous proceeding. We hold he is precluded from raising this issue again.

## III

[¶ 12] Murchison argued, in his petition for post-conviction relief, his conviction was gained by a violation of his privilege against self-incrimination. Murchison's argument fails.

[¶ 13] Murchison failed to argue the issue in his brief. Issues not briefed by an appellant are deemed abandoned. *Olmstead v. First Interstate Bank*, 449 N.W.2d 804, 807 (N.D.1989); 5 Am.Jur.2d Appellate Review § 557 (1995). An issue not supported by argument in a brief will not be considered on appeal. *Geck v. Wentz*, 133 N.W.2d 849, 851 (N.D.1964); *Kern v. Art Schimkat Constr. Co.*, 125 N.W.2d 149, 153 (N.D.1963). We refuse to consider this issue on appeal.

## IV

[¶ 14] Murchison argues the prosecution failed to properly disclose evidence regarding a confidential informant, and claims this is a discovery violation. Murchison argues the State withheld information on Harold Wolff which prejudiced his defense.

[¶ 15] Murchison did not raise this issue in his latest application for post-conviction relief. It is well established, an issue not raised in the trial court cannot be raised for the first time on appeal. *Cermak v. Cermak*, 1997 ND 187, ¶ 15, 569 N.W.2d 280; *Mahoney v. Mahoney*, 1997 ND 149, ¶ 13, 567 N.W.2d 206.

[¶ 16] Misuse of process may also apply. Section 29–32.1–12(2)(a), N.D.C.C., states:

"A court may deny relief on the ground of misuse of process. Process is misused when the applicant:

a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding."

Murchison raised Wolff's testimony in the direct appeal from his conviction, arguing entrapment. Murchison provides no reason why he was unable to raise the related issue

---

3. In *State v. Manke*, we reviewed N.D.C.C. ch. 29–32 our codification of the 1966 version of the Uniform Post–Conviction Act, which was repealed by the 1985 legislature and replaced with N.D.C.C. ch. 29–32.1, the 1980 version of the uniform act.

of withheld information in the direct appeal of his conviction. If Murchison wanted to raise a discovery violation regarding Wolff's testimony, he could and should have raised it in his direct appeal.

## V

[¶ 17] Murchison argues the trial court erred by denying his request for court-appointed counsel. We disagree.

[¶ 18] The appointment of counsel under the Uniform Post-Conviction Procedure Act is discretionary with the trial court. *State v. Fulks,* 1997 ND 143, ¶ 11, 566 N.W.2d 418. We will not reverse the trial court's decision not to appoint counsel, absent an abuse of discretion. *Id.* at ¶ 11. While appointment of counsel is discretionary, applications should be read in the light most favorable to the applicant. *State v. McMorrow,* 332 N.W.2d 232, 237 (N.D.1983). When a substantial issue of law or fact may exist, counsel should be appointed. *Id.*

[¶ 19] Murchison did not request court-appointed counsel in the most recent application for post-conviction relief. Even if we consider his third application as an amendment to his second application, in which he did request court-appointed counsel, we see no abuse of discretion. After reviewing Murchison's second and third applications for post-conviction relief, his applications read most favorably toward him did not raise the possibility of a substantial issue of law or fact. "It is not an abuse of discretion to refuse to appoint counsel for post-conviction proceedings when the application for relief is completely without merit." *Fulks,* 1997 ND 143, ¶ 12, 566 N.W.2d 418.

[¶ 20] We do not believe the trial court abused its discretion by not appointing new counsel.

## VI

[¶ 21] Murchison last argues the trial court is in default. We consider this argument to be another attempt to raise a jurisdictional argument that we have previously determined.

## VII

[¶ 22] Because the trial court did not err in denying Murchison's application for post-conviction relief, its order denying the application is affirmed.

[¶ 23] VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.

