2013 ND 172

**Nicholas BAATZ, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20130066.**

Supreme Court of North Dakota.

Sept. 25, 2013.

Robert W. Martin, North Dakota Public Defenders' Office, 11 1st Avenue Southwest, Minot, N.D. 58701, for petitioner and appellant.

Jonathan R. Byers, Assistant Attorney General, Office of Attorney General, 600 East Boulevard Avenue, Bismarck, N.D. 58505–0040, for respondent and appellee.

CROTHERS, Justice.

[¶ 1] Nicholas Baatz appeals from an order denying his second application for postconviction relief. We reverse and remand for the district court to address the merits of Baatz's claims of denial of the right to counsel and of ineffective assistance of trial counsel because, under the law of the case doctrine this Court's decision in State v. Baatz, 2011 ND 195, ¶ 2, 806 N.W.2d 438, allowed him to raise these issues in a second postconviction proceeding.

I

[¶ 2] Baatz was convicted by a jury of gross sexual imposition in 2009 and was sentenced to 20 years in prison. In 2010 Baatz filed an application for postconviction relief alleging he was denied effective assistance of counsel because no attorney was appointed for him before trial and because the attorney who finally was appointed failed to appeal his criminal conviction. A hearing was held, and Baatz testified in support of his claims. The district court granted the petition insofar as Baatz requested the right to file an untimely appeal from his criminal conviction, but did not specifically address the other issues raised because "[t]estimony by Defendant at the hearing indicated his only contention at this point was his denial of a right to appeal issue and not ineffective assistance of counsel at trial."

[¶ 3] Baatz appealed from the criminal judgment and filed a N.D.R.App.P. 24 supplemental brief raising the same arguments that were not specifically addressed by the district court in the postconviction order. Baatz did not appeal from the postconviction order, but the State appealed, arguing the court erred in allowing Baatz to file an untimely appeal from the criminal judgment. In Baatz, 2011 ND 195, ¶¶ 1–3, 806 N.W.2d 438, this Court affirmed the conviction and the court's decision to allow the appeal "without prejudice to Baatz's right to raise denial of his constitutional right to counsel and ineffective assistance of counsel in postconviction proceedings." No petitions for rehearing were filed.

[¶ 4] In 2012 Baatz filed a second application for postconviction relief again alleging he was denied his right to counsel before trial and effective assistance of trial counsel after counsel was appointed. Baatz also claimed he received ineffective assistance of appellate counsel in the prior appeal. Another hearing was held, and Baatz testified in support of his claims. The district court denied the application, concluding the first two grounds alleged were barred by res judicata or misuse of process and Baatz had not shown how appellate counsel was ineffective. The court interpreted its ruling on the first application for postconviction relief as a "deni[al]" of "any relief regarding the issues raised of lack of counsel or ineffective

assistance of counsel." The court reasoned:

"The issue of denial of counsel and ineffective assistance of counsel are Res Judicata. Baatz raised these issues on his 1PCR [first application for postconviction relief] and failed to carry his burden on those issues at that time and cannot now decide to try and bring[ ]those same issues before the court. NDCC 29-32.1-12 states a post conviction application can be denied if the same claim or claims were fully and finally determined in a previous[ ]proceeding. *Owens v. State,* 1998 ND 106 [578 N.W.2d 542]; *Murchison v. State,* 1998 ND 96 [578 N.W.2d 514]. Baatz cannot expect to raise the issues in his 1PCR and then be allowed to raise the same issues in his 2PCR [second application for postconviction relief]. This would simply be a misuse of process as Baatz obviously[ ]did raise these issues in his 1PCR and now attempts to raise the same issues in his 2PCR. These two issues are barred."

## II

■ [¶ 5] On appeal, Baatz does not challenge the district court's finding that appellate counsel was not ineffective, but argues the court erred in denying his application for postconviction relief on the grounds of res judicata or misuse of process because this Court in the prior appeal specifically allowed him to raise these issues in further postconviction proceedings.

■ [¶ 6] Under ordinary circumstances, the district court's decision would be affirmed because the claims would be barred by res judicata or misuse of process under N.D.C.C. § 29-32.1-12. But this Court affirmed the conviction and first postconviction order "without prejudice to Baatz's right to raise denial of his constitutional right to counsel and ineffective assistance of counsel in postconviction proceedings." *Baatz,* 2011 ND 195, ¶ 2, 806 N.W.2d 438. In *Coppage v. State,* 2013 ND 10, ¶ 23, 826 N.W.2d 320, this Court explained:

"The law-of-the-case doctrine is 'the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same.' *State v. Burckhard,* 1999 ND 64, ¶ 7, 592 N.W.2d 523 (quoting *Tom Beuchler Constr. v. City of Williston,* 413 N.W.2d 336, 339 (N.D.1987)). 'The mandate rule, a more specific application of law of the case, requires the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case and to carry the [appellate court's] mandate into effect according to its terms. . . . and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms.' *Carlson v. Workforce Safety and Ins.,* 2012 ND 203, ¶ 16, 821 N.W.2d 760 (quoting *Burckhard,* at ¶ 7)."

■ [¶ 7] This Court long ago ruled "[q]uestions fairly raised and decided on a former appeal in the same action are not open for consideration on a subsequent appeal, as such decision on the first appeal, whether right or wrong, became and is the law of the case." *Schmidt v. Beiseker,* 19 N.D. 35, 120 N.W. 1096 Syll. 1 (1909). The "rule is applicable regardless of whether the decision of the appellate court is right or wrong, since it is only where the decision is deemed erroneous that the doctrine of the law of the case becomes at all important." 5 C.J.S. *Appeal and Error* § 1131 (2007) (footnotes omitted), and

cases cited therein; *see also Dewey v. Lutz,* 462 N.W.2d 435, 445 (N.D.1990) (unobjected-to jury instructions become "the law of the case whether right or wrong"). In *Baatz,* 2011 ND 195, ¶ 2, 806 N.W.2d 438, we left the door open for Baatz to assert these issues in another postconviction proceeding. The district court closed the door by ruling the claims were barred by res judicata or misuse of process. Under principles of the law of the case doctrine, we reverse and remand for the court to address the merits of Baatz's claims.

### III

[¶ 8]   We reverse the order and remand for further proceedings.

[¶ 9]   GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.

SANDSTROM, Justice, concurring specially.

[¶ 10]   As I understand it, the majority does not suggest that there is any merit to Baatz's claims, but only that the district court must specifically address them without resort to res judicata (precluding relitigating an already decided matter) or abuse of process for their resolution. As such, the majority appears to hand Baatz only a temporary victory. I concur in the result.

[¶ 11]   Dale V. Sandstrom