Filed 2/13/14 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2014 ND 20

Paul Oie, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20130275

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

AFFIRMED.

Per Curiam.

William A. Mackenzie, 311 1st Avenue S., Suite 7, P.O. Box 1836, Jamestown, ND 58402-1836, for petitioner and appellant; submitted on brief.

Megan E. Kummer, Assistant State’s Attorney, Law Enforcement Center, 413 3rd Avenue N., Wahpeton, ND 58075, for respondent and appellee; submitted on brief.

Oie v. State

No. 20130275

Per Curiam.

[¶1] Paul Oie appeals a district court judgment denying his application for postconviction relief.

[¶2] On September 1, 2004, Oie entered Alford pleas to two charges of gross sexual imposition involving two minor victims, one of whom shared Oie’s home in Richland County.  Oie has previously filed a direct appeal and two postconviction applications.  In his appeal, Oie raised the issue:  “The Trial Court failed to receive a factual basis for defendant’s guilty plea to Count 2 and his conviction on that Count should be reversed.”  This Court summarily affirmed.  
State v. Oie
, 2005 ND 160, 704 N.W.2d 573; 
see also
 
Oie v. State
, 2007 ND 172, 742 N.W.2d 839; 
Oie v. State
, 2010 ND 37, 789 N.W.2d 282.

[¶3] Oie filed a third, 80-page postconviction application raising multiple arguments, all of which revolved around Oie’s claim that one of the crimes for which he was convicted (Count 2) did not take place in Richland County, where he was convicted, but instead took place in Cass County.  He sought postconviction relief under N.D.C.C. § 29-32.1-01(1)(a), arguing his conviction was obtained or the sentence was imposed in violation of the laws or the Constitution of the United States or of the laws or Constitution of North Dakota, and under N.D.C.C. § 29-32.1-

01(1)(c), arguing the court that presided over his conviction and sentence did not have jurisdiction.  The district court denied Oie’s postconviction application, holding that all issues raised were res judicata or misuse of process.

[¶4] On appeal, Oie argues that four documents entered into evidence at his most recent postconviction hearing are newly discovered evidence, and the doctrines of res judicata and misuse of process do not apply to his claim of newly discovered evidence.  Although Oie cited to these four documents in support of his arguments to the district court, he did not argue to the district court that the documents were newly discovered evidence entitling him to postconviction relief under N.D.C.C. § 29-32.1-

01(1)(e).  
See, e.g.,
 
Moore v. State
, 2007 ND 96, ¶ 9, 734 N.W.2d 336.  As a result, the district court did not rule on that issue.  Oie did not appeal any of the issues that the district court held were res judicata or misuse of process.  We summarily affirm under N.D.R.App.P. 35.1(a)(7), concluding Oie’s newly discovered evidence claim cannot be raised for the first time on appeal.  
Owens v. State
, 1998 ND 106, ¶ 50, 578 N.W.2d 542 (citing 
Murchison v. State
, 1998 ND 96, ¶ 15, 578 N.W.2d 514) (declining to address issues not raised before the district court and raised for the first time on appeal).

[¶5] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom