2014 ND 151

**Nicholas BAATZ, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20140018.

Supreme Court of North Dakota.

July 17, 2014.

Steven Balaban, Bismarck, ND, for petitioner and appellant.

Jonathan R. Byers, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Nicholas Baatz appeals from a district court order denying his application for postconviction relief. Because Baatz failed to meet his burden of showing indigency at the preliminary hearing and failed to meet his burden of proving prejudice resulting from his trial attorney's conduct, we affirm the district court order.

I

[¶ 2] The history of this case was laid out by this Court in *Baatz v. State,* 2013 ND 172, ¶¶ 2–4, 837 N.W.2d 387 (hereinafter *"Baatz II "*):

[Nicholas] Baatz was convicted by a jury of gross sexual imposition in 2009 and was sentenced to 20 years in prison. In 2010 Baatz filed an application for postconviction relief alleging he was denied effective assistance of counsel because no attorney was appointed for him before trial and because the attorney who finally was appointed failed to appeal his criminal conviction. A hearing was held, and Baatz testified in support of his claims. The district court granted the petition insofar as Baatz requested the right to file an untimely appeal from his criminal conviction, but did not specifically address the other issues raised because "[t]estimony by Defendant at the hearing indicated his only contention

at this point was his denial of a right to appeal issue and not ineffective assistance of counsel at trial."

Baatz appealed from the criminal judgment and filed a N.D.R.App.P. 24 supplemental brief raising the same arguments that were not specifically addressed by the district court in the postconviction order. Baatz did not appeal from the postconviction order, but the State appealed, arguing the court erred in allowing Baatz to file an untimely appeal from the criminal judgment. In [*State v.*] *Baatz*, 2011 ND 195, ¶¶ 1–3, 806 N.W.2d 438 [ (hereinafter *"Baatz I "*) ], this Court affirmed the conviction and the court's decision to allow the appeal "without prejudice to Baatz's right to raise denial of his constitutional right to counsel and ineffective assistance of counsel in postconviction proceedings." No petitions for rehearing were filed.

In 2012 Baatz filed a second application for postconviction relief again alleging he was denied his right to counsel before trial and effective assistance of trial counsel after counsel was appointed. Baatz also claimed he received ineffective assistance of appellate counsel in the prior appeal. Another hearing was held, and Baatz testified in support of his claims. The district court denied the application, concluding the first two grounds alleged were barred by res judicata or misuse of process and Baatz had not shown how appellate counsel was ineffective.

[¶ 3] Baatz appealed the district court order denying his postconviction application, challenging only the district court's findings on res judicata and misuse of process. He did not challenge the district court's substantive findings on his ineffective assistance of appellate counsel claim. On appeal, this Court determined that,

under the law of the case doctrine, this Court's decision in *Baatz I* allowed Baatz to raise the claims of denial of the right to counsel and of ineffective assistance of trial counsel in a second postconviction proceeding. *Baatz II,* 2013 ND 172, ¶ 1, 837 N.W.2d 387. This Court remanded the case to the district court to address the merits of these claims.

[¶ 4] On remand, the district court held no additional hearings, but did address the merits of Baatz's claims of denial of the right to counsel and of ineffective assistance of trial counsel. The district court determined Baatz waived his right to counsel at the preliminary hearing, Baatz failed to show trial counsel was ineffective, and Baatz failed to show trial counsel's alleged errors deprived him of a fair trial. Baatz now appeals the district court's denial, on the merits, of his postconviction application.

## II

[¶ 5] As a preliminary matter, Baatz argues the district court improperly dismissed Baatz's postconviction application without allowing Baatz a hearing to fully present his case. Baatz appears to be arguing under the assumption that, when this Court remanded the case, the district court had to start over. Baatz categorizes the district court's ruling as a summary dismissal of his postconviction application and argues he met his burden to overcome summary dismissal and was thus entitled to a hearing.

[¶ 6] Baatz's argument is based on an incorrect interpretation of the procedural posture of this case. When Baatz originally brought his second postconviction application before the district court, he was afforded a hearing. He testified himself, his attorney called witnesses and offered evidence, and the issues were argued to the court on the merits. It was only after

this hearing that the district court determined the issues of denial of the right to counsel and of ineffective assistance of trial counsel were barred by res judicata and misuse of process. When this Court ruled on the district court order, we merely "reverse[d] and remand[ed] for the [district] court to address the merits of Baatz's claims." *Baatz II*, 2013 ND 172, ¶ 7, 837 N.W.2d 387. We did not specifically order any additional hearings on remand, as we have done in other cases. *See, e.g., Graves v. State Board of Law Examiners*, 2004 ND 64, ¶ 1, 677 N.W.2d 215 ("We ... remand for a new hearing before a different hearing panel."); *Frueh v. Frueh*, 2008 ND 26, ¶ 1, 745 N.W.2d 362 ("We ... reverse and remand for an evidentiary hearing...."); *Miller v. Workforce Safety and Ins.*, 2006 ND 1, ¶ 1, 707 N.W.2d 809 ("We ... remand to WSI for a rehearing on the merits.").

[¶ 7] On remand, Baatz's case did not require a hearing, as Baatz claims. The district court, having already held a hearing on Baatz's postconviction issues, only needed to address the merits of those issues, which it did. Baatz's claim that he was entitled to an additional evidentiary hearing is meritless.

### III

[¶ 8] Baatz argues the district court erred in denying his postconviction application.

Postconviction proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. The petitioner has the burden of establishing grounds for post-conviction relief. A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made. Questions of law are fully reviewable on appeal of a postconviction proceeding.

*Broadwell v. State*, 2014 ND 6, ¶ 5, 841 N.W.2d 750 (citations and internal quotation marks omitted).

### A

[¶ 9] Baatz argues the district court erred in denying his postconviction application because he was denied counsel at a critical stage of the original proceeding. Specifically, Baatz argues that, at the time of the preliminary hearing, he was indigent and had not waived his right to counsel. In *State v. Murchison*, this Court held:

The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, and Art. I, § 12 of the North Dakota Constitution, guarantee a criminal defendant effective assistance of counsel. A defendant has a fundamental right to counsel during all critical stages of the prosecution. In our state, the preliminary hearing is for the purpose of determining whether there is probable cause to believe the defendant committed the crime charged, requiring the accused to stand trial. At that hearing, the defendant has the right to cross-examine adverse witnesses and may introduce evidence. A preliminary hearing conducted for this purpose and of this type is considered a critical stage of the proceedings at which the defendant has a constitutional right to representation by counsel.

Additionally, [Rule 44(a) of] our rules of criminal procedure set[s] forth the right to appointed counsel.... Howev-

er, there is no legal reason to appoint counsel for someone who can afford and obtain his own attorney. Before counsel will be appointed, a defendant has the burden of establishing he is indigent and qualifies for appointment of counsel. The waiver of the right to counsel must be voluntary, knowing, and intelligent. The standard of review on an alleged denial of a constitutional right to counsel is de novo. Whether there has been an intelligent waiver of constitutional rights depends upon the facts and circumstances of each particular case, including the background, the experience, and the conduct of the accused.

2004 ND 193, ¶¶ 8–9, 687 N.W.2d 725 (citations omitted).

[¶ 10] With respect to this argument, the district court found on remand:

On August 4, 2008, Baatz requested counsel. His application was denied on the same date due to his income at the time. On September 9, 2008, Baatz appeared in court for a scheduled preliminary hearing. From the transcript Baatz appeared pro se and informed the Court he did not have an attorney, he stated after the Court's inquiry that [he] had been declined when he applied for an attorney, and Baatz informed the Court he was unable to afford an attorney. The Court inquired as to Baatz's employment and Baatz stated he was employed at Fisher Industries in Dickinson. The Court did explain how serious the case was and that Baatz needed to seek an attorney to assist him. The Court appears to start to ask Baatz if he wants to exercise his right to a preliminary hearing and then simply requests the State to present evidence. After the Court found probable cause and proceeded with arraignment, the Court informs Baatz again to attempt to obtain an attorney.

. . . .

. . . Baatz filled out the application for Court appointed attorney and indicated he made $2,320 per month as a welder for Fisher Industries. He listed no dependents on the form. The applicant was found to not be indigent and appointment for defense serv[ices] was denied. When Baatz came to Court a month later he still did not have an attorney and stated he had contacted some attorney's and he could not afford what they wanted. He noted one wanted $25,000 as a retainer. He also informed the Court he still had his job at Fisher Industries. No indication his financial situation had changed since he submitted the application for defense services. Baatz made no objection to proceeding without an attorney at the preliminary hearing.

. . . .

The Court finds Baatz did not speak up and request his preliminary [hearing] be continued on the day of the hearing or prior to that date when he was informed he did not qualify for appointed defense services. The information he provided to the Court indicated he did not qualify for court-appointed counsel and there was nothing offered by Baatz to indicate his situation had changed on the date of the preliminary hearing. Could the trial Judge have done something different at the time? Possibly, but hindsight is 20/20 and the information before the Court was Baatz did not qualify for Court appointed counsel, he did not request more time to get counsel and the Court decided to move forward with Baatz representing himself at that time. This Court finds Baatz waived his right to counsel at the time of the preliminary hearing by not requesting more time to find an attorney or attempt to

supplement his application for Court appointed counsel.

[¶ 11] The record shows Baatz did not qualify for appointed counsel at the time of the preliminary hearing. Baatz told the court he was working and was making $2,320 per month. A month after the hearing, Baatz informed the district court that he had not been working for the past month due to injury and illness and that he had various other debts. After Baatz gave the court his new financial information, the court approved Baatz's eligibility for appointed counsel. However, at the time of the preliminary hearing, Baatz had not met his burden of establishing indigency under N.D.R.Crim.P. 44(a)(1).

[¶ 12] At oral argument, Baatz argued even if he was not entitled to appointed counsel under N.D.R.Crim.P. 44(a)(1), the district court should have appointed counsel using its discretionary power. *See* N.D.R.Crim.P. 44(a)(3). Under N.D.R.Crim.P. 44(a)(3), a court "may appoint counsel to represent a defendant at the defendant's expense if the defendant is unable to obtain counsel and is not indigent." Baatz alleged he tried but was unable to obtain counsel prior to the preliminary hearing.

[¶ 13] In *Wilson v. State*, 2013 ND 124, 833 N.W.2d 492, this Court considered a similar argument. Wilson argued the district court erred in denying his request for court-appointed counsel. *Id.* at ¶ 20. In denying Wilson's request for counsel, the district court noted:

> Under NDRCrim[P] 44(a) even if you don't meet the income guidelines, the judge may be required to find counsel for you if you are unable to obtain attorney services. To be eligible for this service you must provide written proof that at least two (2) attorneys have refused to represent you.

*Id.* at ¶ 22. On appeal, this Court noted Wilson had not provided either court with written proof that at least two attorneys had refused to represent him. *Id.* "Wilson's attempts to retain counsel were made at the last minute, and his claims were unsupported by any evidence other than his testimony." *Id.* at ¶ 25. This Court concluded the district court did not err in denying Wilson's request for court-appointed counsel. *Id.* at ¶ 28.

[¶ 14] The pre-trial proceedings in this case are similar to those in *Wilson*. Before the preliminary hearing, Baatz told the district court he had contacted some attorneys, one wanted $25,000 as a retainer, and he could not afford what they wanted. Baatz did not provide written proof that at least two attorneys had refused to represent him and did not offer any other evidence of his alleged attempts to retain counsel. Because Baatz did not qualify for appointed counsel under N.D.R.Crim.P. 44(a)(1) and did not adequately demonstrate he was unable to obtain counsel under N.D.R.Crim.P. 44(a)(3), we conclude the district court did not err in denying Baatz's request for court-appointed counsel at the preliminary hearing. To the extent the district court could have exercised its discretion differently under N.D.R.Crim.P. 44(a)(3) at the preliminary hearing, Baatz offered no evidence that subsequently appointed counsel was hampered in any way in his representation of Baatz. Further, Baatz offered no evidence of prejudice resulting from the conduct of the preliminary hearing. The result to Baatz was harmless under N.D.R.Crim.P. 52.

B

[¶ 15] Baatz argues the district court erred in denying his postconviction application because he received ineffective assistance of trial counsel. Specifically, Baatz alleges his trial counsel failed to

investigate or hire an investigator, failed to depose the state's witnesses, and instructed him to falsely inform the officer conducting his pre-sentence investigation that he was guilty of the charges against him.

The issue of ineffective assistance of counsel is a mixed question of law and fact which is fully reviewable by this court. To succeed on a claim for ineffective assistance of counsel, a petitioner must prove counsel's performance fell below an objective standard of reasonableness and the deficient performance prejudiced him. Even where the court finds that counsel's representation fell below an objective standard of reasonableness, prejudice is not normally assumed. Unless counsel's errors are so blatantly and obviously prejudicial that they would in all cases, regardless of the other evidence presented, create a reasonable probability of a different result, the prejudicial effect of counsel's errors must be assessed within the context of the remaining evidence properly presented and the overall conduct of the trial. Courts need not address both elements of the ineffective assistance of counsel test, and if a court can dispose of the case by addressing only one element, it is encouraged to do so.

*Broadwell*, 2014 ND 6, ¶ 7, 841 N.W.2d 750 (citations and internal quotation marks omitted).

[¶ 16] On remand, the district court determined Baatz failed to show his counsel was ineffective and failed to show how his trial counsel's alleged errors deprived him of a fair trial. We need not address both elements in this case, because we agree Baatz failed to prove, or even allege, any prejudice resulting from his trial counsel's conduct. The district court did not err in denying Baatz's ineffective assistance of trial counsel claim.

C

[¶ 17] Baatz argues the district court erred in denying his postconviction application because he received ineffective assistance of appellate counsel. This argument is not properly before this Court. While the district court originally held Baatz's claims of denial of the right to counsel and of ineffective assistance of trial counsel were barred by res judicata and misuse of process, it decided Baatz's claim of ineffective assistance of appellate counsel on the merits. When Baatz appealed the denial of his second postconviction application to this Court the first time, that appeal did not include an argument on the third issue—ineffective assistance of appellate counsel. *See Baatz II*, 2013 ND 172, ¶ 5, 837 N.W.2d 387. This Court remanded only on the issues of "denial of the right to counsel and of ineffective assistance of trial counsel." *Id.* at ¶ 1. This Court does not consider on appeal issues not before the district court. *Frison v. Ohlhauser*, 2012 ND 35, ¶ 7, 812 N.W.2d 445. Since this issue was not before the district court on remand, we will not consider it now.

IV

[¶ 18] We affirm the district court order.

[¶ 19] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.