1999 ND 64

**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Leonard Wayne BURCKHARD, Defendant and Appellee.**

No. 980322.

Supreme Court of North Dakota.

April 6, 1999.

Robin Huseby, State's Attorney, Valley City, for plaintiff and appellant.

Robert G. Hoy (argued) and Steven E. McCullough, West Fargo, for defendant and appellee.

MARING, Justice.

[¶ 1] This is the second appeal by the State of North Dakota from an order of the district court dismissing the criminal information filed against Father Leonard Wayne Burckhard. We affirm.

I

[¶ 2] As reported in *State v. Burckhard,* 1998 ND 121, 579 N.W.2d 194 [*Burckhard* I], this case arises from a criminal information charging Father Burckhard, a parish priest for St. Catherine's Church in Valley City, with theft of property, a violation of N.D.C.C. § 12.1–23–02(1) and Class B felony under N.D.C.C. § 12.1–23–05(1). The State alleged Burckhard "knowingly took and exercised unauthorized control over money in excess of $100,000.00 belonging" to the church. Burckhard subsequently filed a N.D.R.Crim.P. 12(b) motion to dismiss the complaint, arguing the court lacked subject matter jurisdiction. To support his jurisdictional argument, Burckhard submitted a letter written by James Sullivan, the Catholic Bishop of the Fargo Diocese, to his attorney. Bishop Sullivan's letter generally described the Roman Catholic Church's Code of Canon Laws, ecclesiastical tribunals, and hierarchical structure. The district court interpreted Bishop Sullivan's letter to say that determination of the scope of a parish priest's authority to expend church funds would require ecclesiastical interpretation of the Canon Laws. The district court reasoned exercise of jurisdiction would involve excessive entanglement by the courts into church affairs in violation of our state and federal constitutions, and therefore dismissed the complaint. The State appealed.

[¶ 3] This Court's decision produced three opinions. Justice Sandstrom, joined by Justice Neumann, concluded Bishop Sullivan's letter "[did] not support Burckhard's claim he had absolute or unlimited authority to expend church funds," and urged remand for a trial on the merits. *Burckhard I,* 1998 ND 121 ¶¶ 35, 39, 579 N.W.2d 194. Justice Meschke, joined by Justice Maring, interpreted Bishop Sullivan's letter as a sufficient explanation "invok[ing] the rule of deference by the civil courts," and urged affirmance of the "trial court's prudent dismissal of this prosecution in the face of the evidence from the appropriate ecclesiastical officer who has not chosen to prosecute criminally for violation of church authority." *Id.* at ¶¶ 45, 55. Justice Meschke added he would "modify the dismissal to make it without prejudice to renewal of the prosecution if the Bishop or a higher church official yet may choose to join in prosecuting a criminal charge against this priest." *Id.* at ¶ 56.

[¶ 4] With the Court split equally between remanding for trial and dismissing without prejudice for lack of jurisdiction over church affairs, Chief Justice VandeWalle's special concurrence determined the scope of the issue to be decided on remand:

Insofar as the opinion written by Justice Sandstrom and the opinion written by Justice Meschke view Bishop Sullivan's letter differently, I believe *this matter should be remanded to clarify the Bishop's position as to the question of the authority of Father Burckhard to spend the money.* To this limited extent, I agree with the remand ordered in Justice Sandstrom's opinion. If the Bishop's response is as Justice Meschke construes the current response, I would concur in Justice Meschke's opinion.

*Burckhard I* 1998 ND 121 ¶ 41, 579 N.W.2d 194 (emphasis added).

[¶ 5] On remand, Burckhard again moved to dismiss the complaint under N.D.R.Crim.P. 12(b). Burckhard, in an attempt to clarify Bishop Sullivan's position on the question of his authority over church property, submitted a second letter written by Bishop Sullivan to his attorney. In his second letter, Bishop Sullivan states:

Thank you for providing me a copy of the recent decision of the North Dakota Su-

preme Court in the case entitled "State of North Dakota v. Leonard Wayne Burckhard," Criminal No. 970275. I have now had the opportunity to read thoroughly each of the three opinions issued by the justices in reaching their decision.

In an effort to clarify my position as to the authority of Father Burckhard to spend the money in question, I write to indicate the opinion of Justice Meschke, joined by Justice Maring, correctly interprets my previous letter of July 21, 1997, on that issue. I hope this will be helpful to all concerned.

[¶ 6] The district court concluded this Court's remand was for the "limited purpose" of clarifying Bishop Sullivan's position on the issue of Father Burckhard's authority to spend church funds, and by the letter dated September 15, 1998, the Bishop clearly indicated Justice Meschke had properly interpreted his first letter. Thus, the district court dismissed the criminal information filed against Burckhard without prejudice. The State's second appeal followed.

## II

[¶ 7] This appeal is governed by the "law of the case" doctrine and its corollary, the mandate rule. We have described law of the case as "the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same." *Tom Beuchler Const. v. City of Williston,* 413 N.W.2d 336, 339 (N.D.1987) (citations omitted). The mandate rule, a more specific application of law of the case, requires the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case and to "carry the [appellate court's] mandate into effect according to its terms." 18 James W. Moore et al., *Moore's Federal Practice,* § 134.23[1]-[4]. "Under the law of the case doctrine, a district court must follow our mandate, and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms."

*United States v. Bartsh,* 69 F.3d 864, 866 (8th Cir.1995) (citation omitted). Thus, the primary question before us is whether the district court's decision to dismiss without prejudice is consistent with our mandate in *Burckhard I,* 1998 ND 121, 579 N.W.2d 194.

[¶ 8] On appeal, the State argues dismissal under N.D.R.Crim.P. 12(b) was premature because several factual concerns have not been addressed. The State contends it should have been allowed to elicit certain facts at trial such as Bishop Sullivan's intent, bias, vested interest, and earlier position regarding Burckhard's authority. The State also asks that a jury be allowed to determine whether Burckhard in fact had authority to spend church money in the way the State alleges he did. We agree with the State that a Rule 12(b) motion is not a device for summary trial of the evidence; however, "[the] issue of whether the federal or state constitutions deprive the court of subject matter jurisdiction is a question of law ... [and thus] an appropriate issue for resolution under N.D.R.Crim.P. 12(b)." *Burckhard I,* 1998 ND 121, ¶ 9, 579 N.W.2d 194. Under the direction of our previous opinion, Bishop Sullivan has now clarified his position on the issue of Burckhard's authority over church property. The State's wish to second-guess the Bishop's position is precisely the type of governmental foray into internal church affairs that would violate the basic principles of separation of church and state. *See, e.g., Burckhard I,* at ¶ 25.

[¶ 9] The jurisdictional issue on remand was narrowly framed and correctly identified by the district court. It appears clear Bishop Sullivan considered "whether the church authorized Burckhard to expend church funds ... in the manner the complaint alleges he spent those funds," *Burckhard I,* 1998 ND 121 ¶ 32, 579 N.W.2d 194, and agrees with Justice Meschke's interpretation of his first letter. We hold the district court fairly read Bishop Sullivan's second letter to say Justice Meschke correctly interpreted his first letter. Following our mandate on remand, the district court correctly concluded Justice Meschke's opinion now represents the view of the majority of this Court.

[¶ 10] There is no dispute that under the Canon Laws of the Roman Catholic Church Bishop Sullivan defines and interprets the scope of Burckhard's authority unless overruled by a higher church official. No church official in a position of authority over Bishop Sullivan has taken a contrary position. The State and individual parishioners are obviously upset with Bishop Sullivan's position, and seek to question his motives and have a jury make factual determinations about the correctness of his administrative decisions. Such an inquiry would be in direct contravention of the Establishment Clause of the First Amendment. *Serbian Eastern Orthodox Diocese, Etc. v. Milivojevich,* 426 U.S. 696, 709, 717–18, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976); *Presbytery of Bismarck v. Allen,* 74 N.D. 400, 22 N.W.2d 625, 631 (1946). Parishioners unhappy with their parish priest have recourse through internal church procedures and while this remedy may not satisfy everyone, it is a remedy the parishioners submitted to when they joined the church.

[¶ 11] The district court's order dismissing charges filed against Father Burckhard is affirmed.

[¶ 12] VANDE WALLE, C.J., and KAPSNER, J., concur.

NEUMANN, Justice, concurring.

[¶ 13] On remand, the trial court did exactly as it was instructed by Justices Meschke, Maring, and VandeWalle in *State v. Burckhard,* 1998 ND 121, 579 N.W.2d 194 *Burckhard I.* The appellant is now here asking us to overrule that majority.

[¶ 14] I disagreed with that majority in *Burckhard I,* and I still disagree with them today. I still believe the State is entitled to ask one explicit question of the church's hierarchical representative, Bishop Sullivan: "Was Father Burckhard authorized to spend the money as he did?" However, I also still believe this is the only question the State may constitutionally ask of the church's hierarchy.

[¶ 15] Unfortunately, the State, in its brief, displays a curiosity for detail, explanation and justification that goes far beyond what I believe is the limit imposed by the First Amendment of the U.S. Constitution. The State professes a desire to cross-examine Bishop Sullivan at length as to what he knew and when he knew it, whether the Bishop changed his mind about prosecuting Father Burckhard, and why he may have changed it, and a great many other details, all apparently intended to challenge the Bishop's veracity as he seeks to speak with hierarchical authority, and to subject the correctness of that hierarchical authority to a critical review and final determination by a jury in a North Dakota court of law.

[¶ 16] I thought Justice Sandstrom's opinion in *Burckhard I,* the opinion in which I concurred, made it quite clear that any attempt to reach beyond the question of Father Burckhard's authority, any attempt to probe the validity, veracity, or accuracy of the Bishop's pronouncement regarding that authority, would be strictly forbidden by the First Amendment. Apparently, the opinion was not clear enough to deter the State from venturing into such forbidden territory.

[¶ 17] Normally, I would dissent from the majority's opinion because I believe it reflects an unnecessary and unjustified hypersensitivity to what it envisions and describes as an entanglement problem. However, given the State's persistent expression of a desire to mount an unconstitutional challenge to church authority in this matter, despite the cautions and caveats contained in both Justice Sandstrom's and Justice Meschke's opinions in *Burckhard I,* in this case, I concur in the result.

[¶ 18] Dale Sandstrom, concurs.