2010 ND 114

**George A. ELLIS, Plaintiff and Appellant**

v.

**NORTH DAKOTA STATE UNIVERSITY, Defendant and Appellee.**

**No. 20090313.**

Supreme Court of North Dakota.

June 17, 2010.

826

Sara K. Sorenson, West Fargo, ND, for plaintiff and appellant.

Tag C. Anderson (argued), Special Assistant Attorney General, and Kirsten R. Franzen (on brief), Assistant Attorney General, Office of Attorney General, Bismarck, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1]   George A. Ellis appealed from the district court's judgment entered in August 2009 dismissing his complaint with prejudice, and the district court's memorandum opinion and order entered December 2009 denying his motion to modify the prior judgment.  On appeal, Ellis argues North Dakota State University ("NDSU")'s staff personnel board did not have subject matter jurisdiction to hear his North Dakota Human Rights Act claim. We affirm, concluding the district court properly applied *Ellis v. N.D. State Univ.*, 2009 ND 59, 764 N.W.2d 192 (*"Ellis I"*).

I.

[¶ 2]   The facts underlying this appeal are explained in *Ellis I*.  Upon being terminated from his position as NDSU's sports information director, Ellis appealed his termination to NDSU's staff personnel board.  *Ellis I*, 2009 ND 59, ¶¶ 1, 9, 764 N.W.2d 192.  After a hearing, the board determined Ellis's termination for cause was supported by a preponderance of the evidence.  *Id.* at ¶ 9.  Ellis exhausted his administrative remedies, and then sued NDSU in district court for violating the Human Rights Act. *Id.* at ¶ 10.  Following a bench trial, the district court found in Ellis's favor, concluding NDSU had intentionally discriminated against Ellis because of his age.  *Id.* at ¶ 11.  The district court gave no deference to the staff personnel board's factual findings.  *Id.* at ¶ 27.  In a majority opinion, this Court reversed the district court's judgment.

[¶ 3]   In *Ellis I*, we took note that the Board of Higher Education has the constitutional authority to administer the institutions under its control, including dismissing employees.  *Id.* at ¶ 32.  The Board also has the power to delegate those duties.  *Id.*  The authority exercised by NDSU's staff personnel board was, therefore, the constitutional authority of the Board.  *Id.*  Reconciling the Board's constitutional authority and the Human Rights Act, we observed, "We are doubtful

that a legislative enactment can supersede the constitutional authority of the Board of Higher Education to hire and discharge its employees, regardless of the laudable purpose for which the statute was enacted and regardless of the desire to apply the act to all employees." *Id.* at ¶ 39.

[¶ 4]   This Court held the district court should have reviewed the staff personnel board's prior decision under the standard elucidated in *Peterson v. North Dakota Univ. Sys.*, 2004 ND 82, 678 N.W.2d 163. *Ellis I*, 2009 ND 59, ¶¶ 44–45, 764 N.W.2d 192.. We explained:

> However, in balancing the constitutional authority of the Board to appoint and remove faculty, the constitutional authority of the legislature, and the constitutional limits of review by the judicial branch under the separation of powers concepts, we apply the *Peterson* procedure and standard of review to these proceedings under the Human Rights Act. This approach gives consideration to the authority of each of the constitutional entities. It recognizes the constitutional authority of the Board of Higher Education to remove faculty; it recognizes the constitutional authority of the legislative branch to enact laws generally for all citizens and it provides for review, although limited, by the judicial branch.
>
>     ... Thus, rather than totally disregarding the proceedings conducted under the policies of the Board of Higher Education and trying the case in district court as if those proceedings had never taken place, the procedure and standard of review we applied in *Peterson* appropriately balances the constitutional authority and power of the involved entities.

*Id.* We stated in *Peterson:*

> Nonetheless, recognizing the separation of powers doctrine, we conclude judicial review similar to that provided in appeals from administrative agency decisions is appropriate in this case. In reviewing factual findings from administrative agencies we have held, "we do not make independent findings of fact or substitute our judgment for that of the agency. We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence." *See Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979).

*Id.* at ¶ 36 (quoting *Peterson,* at ¶ 14). This Court "reverse[d] the judgment and remand[ed] this matter to the district court to apply the *Peterson* standard of review to the record made during the institutional discharge proceedings." *Id.* at ¶ 46.

[¶ 5]   On remand, the district court issued a memorandum opinion and order dismissing Ellis's complaint. The district court explained NDSU's staff personnel board "made factual findings that the records indicated a pattern of repeated and continuous performance concerns over a period of ten years." During oral argument before the district court, Ellis conceded a reasoning mind could have reached the conclusions reached by the staff personnel board. Ellis argued the district court could still decide NDSU's reasons for his termination were pretextual. The district court responded:

> Mr. Ellis would be unable to prove a pretext claim without proving the stated reasons for termination set forth by the University were false. Here, the staff personnel board found that the alleged deficiency in Mr. Ellis' job performance was true, and this Court having found that reasonable minds could have made that conclusion is bound by that factual conclusion.

The district court then entered a judgment dismissing Ellis's complaint with prejudice.

[¶ 6] Ellis moved to modify the judgment under N.D.R.Civ.P. 60(b)(vi). Ellis argued NDSU's staff personnel board did not have subject matter jurisdiction to hear his claim under the Human Rights Act. The district court denied Ellis's motion, explaining:

The Staff Personnel Board's conclusion that there was adequate cause for dismissal because of the numerous deficiencies in Mr. Ellis' performance over the last ten years is inconsistent with any finding that the employer did not have a nondiscriminatory reason to issue the adverse employment decision. It is that factual determination made by the Staff Personnel Board, which Plaintiff agrees it had jurisdiction to make, and which is binding upon this Court, that causes the Plaintiff's claim, under the North Dakota Human Rights Act, to fail. If this Court reinstated its factual finding that NDSU did not have a non-discriminatory reason to terminate Plaintiff and that the Plaintiff's work performance was satisfactory to his employer, that would be inconsistent with the decision made by the Staff Personnel Board and would be violative of the remand instructions from the North Dakota Supreme Court.

## II.

[¶ 7] On appeal, Ellis argues the district court erred when it concluded NDSU's staff personnel board had subject matter jurisdiction to hear his claim under the Human Rights Act. In response, NDSU argues Ellis's appeal is "merely an attempt to invite this Court to revisit the very same issues raised during the original *Ellis* appeal." NDSU argues further the law of the case doctrine bars this Court from considering Ellis's argument.

[¶ 8] The question of subject matter jurisdiction is a question of law and is reviewed de novo, if the jurisdictional facts are not in dispute. *Harshberger v. Harshberger*, 2006 ND 245, ¶ 16, 724 N.W.2d 148 (citing *Rolette County Soc. Serv. Bd. v. B.E.*, 2005 ND 101, ¶ 6, 697 N.W.2d 333). Issues related to subject matter jurisdiction can be raised at any time and cannot be waived. *Lee v. Lee*, 2007 ND 147, ¶ 8, 738 N.W.2d 479 (citing *Trottier v. Bird*, 2001 ND 177, ¶ 5, 635 N.W.2d 157).

[¶ 9] This Court has previously described the law of the case doctrine as

the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same.

*State v. Burckhard*, 1999 ND 64, ¶ 7, 592 N.W.2d 523 (quoting *Tom Beuchler Constr. v. City of Williston*, 413 N.W.2d 336, 339 (N.D.1987)).

## III.

[¶ 10] Ellis, in his current argument that the staff personnel board lacked subject matter jurisdiction to decide his Human Rights Act claim, misreads *Ellis I*. In *Ellis I* we explained, "[T]he issue before the staff personnel board was whether Ellis's termination for cause was supported by a preponderance of the evidence." *Ellis I*, 2009 ND 59, ¶ 9, 764 N.W.2d 192. The staff personnel board was presented with facts regarding Ellis's termination, including facts that could indicate his termination for cause was a pretext for intentional discrimination based on age or disability. *See id.* at ¶¶ 2–8 (detailing the facts underlying Ellis's claim). The staff personnel board made a factual finding that Ellis's termination for cause was supported by a preponderance of the evidence. *Id.* at ¶ 9.

[¶ 11] After the staff personnel board made its decision, and after Ellis exhausted his administrative remedies, he filed a Human Rights Act claim in district court and presented facts similar to those presented to the staff personnel board. *Id.* at ¶ 10. The district court, without giving deference to the staff personnel board's factual findings, concluded NDSU had intentionally discriminated against Ellis on the basis of age in violation of the Human Rights Act. *Id.* at ¶ 11. In *Ellis I,* we decided the district court should not have conducted a trial anew on Ellis's Human Rights Act claim, but should have applied the deferential *Peterson* standard of review to the staff personnel board's factual findings. *Id.* at ¶ 44.

[¶ 12] On remand, the district court stated, "Here, the staff personnel board found that the alleged deficiency in Mr. Ellis' job performance was true, and this Court having found that reasonable minds could have made that conclusion is bound by that factual conclusion." The district court then considered Ellis's Human Rights Act claim and, based on the factual findings made by the staff personnel board, dismissed his complaint with prejudice. While the district court was bound to review the staff personnel board's factual findings under the *Peterson* standard of review, the decision regarding Ellis's Human Rights Act claim was made by the district court, not the staff personnel board. In response to Ellis's Rule 60(b) motion, the district court explained:

> The Staff Personnel Board's conclusion that there was adequate cause for dismissal because of the numerous deficiencies in Mr. Ellis' performance over the last ten years is inconsistent with any finding that the employer did not have a nondiscriminatory reason to issue the adverse employment decision. It is that factual determination made by the Staff Personnel Board, which Plaintiff agrees it had jurisdiction to make, and

which is binding upon this Court, that causes the Plaintiff's claim, under the North Dakota Human Rights Act, to fail.

Thus, while the district court always had original jurisdiction to hear Ellis's Human Rights Act claim, the staff personnel board's factual finding that Ellis was properly terminated for cause caused his Human Rights Act claim to fail.

[¶ 13] Our decision in *Ellis I,* that the district court must apply the *Peterson* standard of review to the staff personnel board's factual findings when considering Ellis's Human Rights Act claim, became the law of the case. On this subsequent appeal, we will not decide the matter differently. *See Burckhard,* 1999 ND 64, ¶ 7, 592 N.W.2d 523 (explaining a "legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same.") While we did not use the phrase "subject matter jurisdiction" in our previous opinion, we did discuss the constitutional authority of the State Board of Higher Education exercised through the staff personnel board, and the district court's limited judicial review of the staff personnel board's findings. *Ellis I,* 2009 ND 59, ¶¶ 30–45, 764 N.W.2d 192. The district court properly followed our instructions on remand and applied the *Peterson* standard of review to the staff personnel board's factual findings. Reviewing the staff personnel board's findings of fact under the *Peterson* standard, the district court concluded Ellis could not prove NDSU intentionally discriminated against him on the basis of age in violation of the Human Rights Act. The district court properly applied *Ellis I.*

## IV.

[¶ 14] We affirm the district court's judgment dismissing Ellis's complaint with prejudice and the district court's order dismissing Ellis's Rule 60(b) motion.

[¶ 15]   DALE V. SANDSTROM, J., and JOHN C. McCLINTOCK, JR., D.J., concur.

[¶ 16]   The Honorable JOHN C. McCLINTOCK, JR., D.J., and the Honorable DOUGLAS L. MATTSON, D.J., sitting in place of MARING, J., and CROTHERS, J., disqualified.

KAPSNER, Justice, concurring in the result.

[¶ 17]   I concur in the result.

[¶ 18]   I remain convinced *Ellis I* was wrongly decided.  Of particular concern is the repetition in paragraph 3 of the majority opinion of the statement from *Ellis I* suggesting the constitutional status of the Board of Higher Education has no legislative controls.  Article VIII, § 6(6)(b) of the North Dakota Constitution provides: "The said state board of higher education shall have full authority to organize or reorga- nize *within constitutional and statutory limitations*, the work of each institution under its control, and do each and every- thing necessary and proper for the effi- cient and economic administration of said state educational institutions."  (Emphasis added).   I do not believe the board is unrestrained by legislative authority.

[¶ 19]   That being said, the majority opinion lays out the law of the case doc- trine in paragraph 9. On remand, the dis- trict court complied with the instructions of this Court in *Ellis I.*   I, therefore, join in Parts III and IV of the majority opinion because they are dictated by the law of the case doctrine.

[¶ 20]   DOUGLAS L. MATTSON, D.J., concur.