Filed 1/23/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 13

Investors Title Insurance Company, Plaintiff

v.

David F. Herzig, Southeastern Shelter Corporation,

Alphild Herzig, Defendants

on appeal

Southeastern Shelter Corporation, Plaintiff and Appellant

v.

Sheldon Smith, Personal Representative of the 

Estate of Alphild Herzig, substituted for Alphild Herzig,

Deceased, Defendant and Appellee

No. 20120213

Southeastern Shelter Corporation, Plaintiff and Appellant

v.

Sheldon Smith, Personal Representative of the 

Estate of Alphild Herzig, substituted for Alphild Herzig,

Deceased, Defendant and Appellee

No. 20120214

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable David W. Nelson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Robert S. Rau, P.O. Box 939, Minot, N.D. 58702-0939, for plaintiff and appellant.

Daniel H. Oster, 619 Riverwood Drive, Suite 202, Bismarck, N.D. 58504, for defendant and appellee.

Investors Title Ins. Co. v. Herzig

Southeastern Shelter Corp. v. Smith

Nos. 20120213 & 20120214

Crothers, Justice.

[¶1] Southeastern Shelter Corporation appeals from a district court order, ruling the daily sanctions imposed on Alphild Herzig under 2006 contempt orders abated at her death.  Southeastern argues the court acted contrary to this Court’s mandate in 
Investors Title Ins. Co. v. Herzig
, 2010 ND 138, 785 N.W.2d 863 (“
Herzig I
”), by failing to decide what portion of the sanctions was to compensate Southeastern.  We reverse and remand.

I

[¶2] In 1989, Southeastern recovered a judgment against David F. Herzig for $149,598.13 in a North Carolina court.  In August 1998, the North Carolina judgment was transcribed and filed in North Dakota under the Uniform Enforcement of Foreign Judgments Act, N.D.C.C. ch. 28-20.1.  The judgment was renewed in North Carolina on January 11, 2000, and was again transcribed and filed in North Dakota for enforcement purposes.  Southeastern’s efforts to enforce the judgment in North Dakota have resulted in a “long-running, tortured and unduly complicated saga” of litigation.  
Herzig I
, 2010 ND 138, ¶ 3, 785 N.W.2d 863; 
see also
 
Investors Title Ins. Co. v. Herzig
, 2010 ND 169, 788 N.W.2d 312 (“
Herzig II
”); 
Investors Title Ins. Co. v. Herzig
, 2011 ND 7, 793 N.W.2d 371 (“
Herzig III
”). 

[¶3] In 2004, Alphild Herzig, David Herzig’s mother, was joined as a party.  In 2005, Southeastern moved for an order compelling Alphild Herzig to comply with Southeastern’s discovery requests and requested sanctions.  In March 2006, the district court entered an order compelling discovery.  In June 2006, Southeastern again moved to compel discovery and requested sanctions.  The court granted Southeastern’s motion for sanctions against Alphild Herzig contingent on submission of a checklist of items to be produced so the court could set a daily sanction for each item not provided.  The court also found Alphild Herzig was in contempt and awarded attorney fees of $5,000.  In July 2006, the court entered a “Checklist Order,” identifying various items to be produced and ordering Alphild Herzig pay a total of $1,400 in daily sanctions for items not subsequently produced by either July 31 or August 31, 2006.  In August 2006, Alphild Herzig moved for release from the sanctions.  The court denied her motion.

[¶4] In January 2008, Southeastern commenced a separate action in the district court against Alphild Herzig, seeking $735,400 that Southeastern alleged was then owing under 2006 contempt orders. 

[¶5] In June 2008, Alphild Herzig moved for an order dismissing her as a party in the original action and vacating the 2004 order joining her as a party and all subsequent orders issued against her, including the 2006 contempt orders. Southeastern opposed Alphild Herzig’s motion to dismiss.  However, Alphild Herzig died on June 5, 2008, before the court ruled on the motion. 

[¶6] After Alphild Herzig’s death, Southeastern moved in both cases to substitute someone other than the estate’s personal representative.  The personal representative responded in both cases, requesting dismissal or, in the alternative, to substitute the personal representative as a defendant in both cases.  After a hearing, the district court denied the personal representative’s motions to dismiss and named the personal representative as a substitute defendant.  Both Southeastern and the personal representative appealed.

[¶7] We affirmed the orders substituting the personal representative of Alphild Herzig’s estate for Alphild Herzig and remanded to the district court “to determine the amount of remedial sanction necessary to compensate Southeastern under the court’s 2006 contempt orders.”  
Herzig I
, 2010 ND 138, ¶ 79, 785 N.W.2d 863.

[¶8] On remand, the district court gave the parties an opportunity to submit briefs regarding the sanctions.  Southeastern requested $938,394.53 in sanctions, including the value of the judgment with interest, attorney fees, lost and foregone profits, costs, and out-of-pocket investigation expenses.  The personal representative argued none of the daily sanctions in the 2006 contempt orders were intended to compensate Southeastern and the only amount owed was the $5,000 in attorney fees awarded in the June 2006 order.  After an evidentiary hearing, the court ordered the sanctions imposed in the Checklist Order abated at Alphild Herzig’s death:

“Based on the testimony of [the personal representative of the estate], the documentary evidence received, and the 
Proof of Claim of Compliance with Checklist Order
, filed by Defendant on August 16, 2011, the Court finds that Alphild Herzig complied with the discovery items listed on the July 7, 2006, 
Checklist Order
 to a greater degree than the Court initially believed, but that she did not fully comply, and the $5,000 award of attorney fees in the Court’s June 26, 2006, 
Order
 was warranted.

“As to the nature of the sanctions imposed (excluding the attorney fee award), it was the Court’s intention that they be coercive in nature; therefore, the sanctions abated at Alphild’s death.”

The court ordered the $5,000 attorney fee award was compensatory and did not abate at Alphild Herzig’s death.

II

[¶9] Southeastern argues the district court acted contrary to our mandate in 
Herzig I
, 2010 ND 138, 785 N.W.2d 863, by failing to decide what portion of the sanctions was to compensate Southeastern.

[¶10] 
The law of the case doctrine is “the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same.”  
State v. Burckhard
, 1999 ND 64, ¶ 7, 592 N.W.2d 523 (quoting 
Tom Beuchler Constr. v. City of Williston
, 413 N.W.2d 336, 339 (N.D. 1987)).  “The mandate rule, a more specific application of law of the case, requires the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case and to ‘carry the [appellate court’s] mandate into effect according to its terms.’”  
Burckhard
, at ¶ 7; 
see also
 18 James Wm. Moore et al., 
Moore’s Federal Practice
 § 134.23[1]-[4] (3d ed. 2012).  We retain the authority to decide whether the district court fully carried out our mandate’s terms.  
Burckhard
, at ¶ 7. 

[¶11] We acknowledged that the district court ruled the daily monetary sanctions imposed were remedial and had a coercive purpose to induce Alphild Herzig to comply with the discovery orders, but we said that was not necessarily dispositive of whether they abated upon Alphild Herzig’s death.  
Herzig I
, 2010 ND 138, ¶ 46, 785 N.W.2d 863.  We held that remedial sanctions may be imposed under N.D.C.C. § 27-

10-01.4(1) as money damages to compensate a party or as a forfeiture paid to the court and that sanctions imposed to compensate a party do not abate upon death.  
Id.
 at ¶¶ 40, 47, 49.  We said it was not clear whether the daily monetary sanctions ordered in this case were imposed as money damages to compensate Southeastern or as a forfeiture.  
Id.
 at 48.  We held:

“In the district court’s June 26, 2006, order, the court found Alphild Herzig in contempt of court and awarded Southeastern attorney fees in the amount of $5,000.  This remedial sanction, plainly awarded in favor of Southeastern, does not abate on Alphild Herzig’s death, making substitution of the personal representative proper.  However, although the total sanctions amount to a daily sanction of $1,400 in the July 7, 2006, checklist order, the order does not state what portion, if any, constitutes money damages to compensate Southeastern.

“In the substitution orders, the district court correctly characterizes these coercive sanctions as ‘remedial,’ for purposes of the appropriate procedures in imposing the sanctions.  Nonetheless, this is not an appeal from the 2006 contempt orders, and we are not reviewing the district court’s decision to impose contempt or whether proper procedures were followed.  We are concerned here with the amount intended to inure to Southeastern’s benefit.  From the language of the 2006 contempt orders, we are unable to ascertain from the orders what amount constitutes money damages in Southeastern’s favor. Further proceedings in the district court are therefore necessary to make factual findings on this issue.

“We affirm the district court’s order granting substitution of the personal representative in place of Alphild Herzig.  We remand to the district court for further proceedings to make findings as to what portion of the action for sanctions imposed upon Alphild Herzig until her death on June 5, 2008, was specifically to compensate Southeastern under N.D.C.C. § 27-10-01.4(1)(a) and therefore survives her death.”

Id.
 at ¶¶ 50-52.

[¶12] On remand, 
the district court found Alphild Herzig complied with the discovery order to a greater degree than the court initially believed, but she did not fully comply.  The court ultimately determined the sanctions abated at Alphild Herzig’s death because the sanctions were coercive, ruling, “As to the nature of the sanctions imposed (excluding the attorney fee award), it was the Court’s intention that they be coercive in nature; therefore, the sanctions abated at Alphild’s death.” 

[¶13] 
The issue on remand was narrowly framed.  The district court was required to determine what portion of the daily sanctions was to compensate Southeastern.  
Instead, the court found Alphild Herzig did not fully comply with the discovery orders, but determined the sanctions had abated because the sanctions were coercive.  In 
Herzig I
, we specifically recognized that the daily sanctions were coercive and that the district court had recognized the sanctions had a coercive effect.  2010 ND 138, ¶¶ 46, 51, 785 N.W.2d 863.  We said the daily sanctions were remedial in nature because they were coercive, and the fact that the sanctions were coercive and remedial was not dispositive as to whether Southeastern’s claims abated.  
Id.
  Our decision required the court to determine what portion of the daily monetary sanctions was intended to compensate Southeastern, and therefore survived Alphild Herzig’s death.  On remand, the district court did not discuss whether a portion of the daily sanctions was intended to be money damages to compensate Southeastern or whether the sanctions were a forfeiture.  The district court therefore did not follow our instructions on remand.

III

[¶14] The district court did not follow this Court’s directive on remand.  We reverse and remand for the district court to determine what portion of the daily monetary sanctions was to compensate Southeastern under N.D.C.C. § 27-10-01.4(1)(a) and survives Alphild Herzig’s death.

[¶15] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

I concur in the result.

Gerald W. VandeWalle, C.J.