2013 ND 133

INVESTORS TITLE INSURANCE COMPANY, Plaintiff

v.

David F. HERZIG, Southeastern Shelter Corporation, Alphild Herzig, Defendants.

Southeastern Shelter corporation, Plaintiff and Appellant

v.

Sheldon Smith, Personal Representative of the Estate of Alphild Herzig, substituted for Alphild Herzig, Deceased, Defendant and Appellee.

Southeastern Shelter Corporation, Plaintiff and Appellant

v.

Sheldon Smith, Personal Representative of the Estate of Alphild Herzig, substituted for Alphild Herzig, Deceased, Defendant and Appellee

Nos. 20130049, 20130050.

Supreme Court of North Dakota.

July 18, 2013.

Rehearing Denied Aug. 29, 2013.

Robert S. Rau, Minot, N.D., for plaintiff and appellant.

Daniel H. Oster, Bismarck, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1]   Southeastern Shelter Corporation appeals from a district court order entered after remand, holding daily monetary sanctions imposed on Alphild Herzig under 2006 contempt orders abated upon her death.   On remand, the court held that only the $5,000 awarded for attorney's fees in its June 2006 order was to compensate Southeastern and survived Alphild Herzig's death and, further, that none of the daily sanctions imposed in its July 2006 order were to compensate Southeastern and therefore did not survive Alphild Herzig's death.   Because we conclude the district court answered the specific question this Court remanded, we affirm the order in the 1998 and 2008 underlying cases and, further, direct the 2008 case be remanded for entry of judgment.

I

[¶ 2]   In 1998, Southeastern filed a 1989 North Carolina judgment in North Dakota in which Southeastern was awarded $149,598.13 against David Herzig, Alphild Herzig's son ("1998 case").   Southeastern's attempts to collect on the judgment have resulted in substantial litigation in North Dakota.   *See Investors Title Ins. Co. v. Herzig*, 2013 ND 13, 826 N.W.2d 310 ("*Herzig IV*"); *Investors Title Ins. Co. v. Herzig*, 2011 ND 7, 793 N.W.2d 371 ("*Herzig III*"); *Investors Title Ins. Co. v. Herzig*, 2010 ND 169, 788 N.W.2d 312 ("*Herzig II*"); *Investors Title Ins. Co. v. Herzig*,

2010 ND 138, 785 N.W.2d 863 ("*Herzig I*").

[¶ 3] In 2004, Alphild Herzig was added as a party as a result of proceedings to collect the judgment. In 2006, the district court found Alphild Herzig in contempt of court for her failure to comply with discovery orders. The court awarded Southeastern $5,000 in attorney's fees in a June 2006 order, and imposed sanctions of $1,400 a day for her failure to produce discovery items in a July 2006 "checklist" order. In January 2008, Southeastern commenced a separate action ("2008 case") against Alphild Herzig, seeking the sum of $735,400 for amounts allegedly then owed under the 2006 contempt orders, the sum of $1,400 per day for each day the 2006 sanctions remained unpaid, and a request for interest, attorney's fees, and costs. Alphild Herzig died in June 2008. The 1998 case and the 2008 case were consolidated on appeal in *Herzig I* and have remained consolidated in the subsequent proceedings.

[¶ 4] On January 23, 2013, in *Herzig IV*, 2013 ND 13, ¶ 14, 826 N.W.2d 310, this Court again remanded the cases for the district court to determine what portion of the daily monetary sanctions were to compensate Southeastern under N.D.C.C. § 27–10–01.4(1)(a) and survived Alphild Herzig's death. On January 28, 2013, the district court entered its "2013 Order on Remand," holding that while the $5,000 for attorney's fees awarded in its June 2006 order was to compensate Southeastern and survived Alphild Herzig's death, all of the daily sanctions imposed in its July 2006 "checklist" order were to coerce Alphild Herzig into complying with its discovery order and none were intended to compensate Southeastern. The court therefore held the daily sanctions imposed in its July 2006 order did not survive Alphild Herzig's death.

[¶ 5] However, this Court's mandate of the January 23, 2013, opinion and judgment was issued on February 14, 2013, under N.D.R.App.P. 41. Southeastern filed a notice of appeal in the district court on February 12, 2013, and filed an amended notice of appeal on February 20, 2013, both appealing from the 2013 Order on Remand dated January 28, 2013. Because the district court had entered its 2013 Order on Remand before expiration of the time to file a petition for rehearing and before the issuance of this Court's mandate returning jurisdiction to the district court, after oral argument on June 4, 2013, we ordered this matter remanded to the district court for 14 days for the limited purpose of entry of an order on remand consistent with our opinion in *Herzig IV*, 2013 ND 13, 826 N.W.2d 310.

[¶ 6] On June 10, 2013, the district court entered its "June, 2013 Order on Remand," dated June 6, 2013, again stating that, while the June 2006 order awarding $5,000 in attorney's fees to Southeastern survived her death, "all of the daily sanctions imposed in its July 7, 2006 Checklist Order were to coerce Alphild [Herzig] into complying with the Court's discovery order and none were intended to compensate Southeastern under N.D.C.C. § 27–10–01.4(1)(a); therefore, the daily sanctions imposed in the Court's July 7, 2006 Checklist Order did not survive Alphild Herzig's death." Because the district court's order on limited remand was entered with jurisdiction, we turn to the merits of the appeal.

II

[¶ 7] On appeal, Southeastern argues the district court erred in its conclusion of law regarding damages and a new judge should be assigned on the case, or, in the alternative, this Court should decide the issue based upon the record before it.

The personal representative for Alphild Herzig's estate argues that the court followed this Court's mandate and properly determined what portion of the sanctions were to compensate Southeastern.

■ [¶ 8] This Court has explained that " '[t]he law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings,' and '[a] party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal or which would have been resolved had they been properly presented in the first appeal.' " *Carlson v. Workforce Safety & Ins.*, 2012 ND 203, ¶ 16, 821 N.W.2d 760 (quoting *Kortum v. Johnson*, 2010 ND 153, ¶ 9, 786 N.W.2d 702 (quotations omitted)). Further, " '[t]he mandate rule, a more specific application of law of the case, requires the trial court to follow pronouncements of an appellate court on legal issues and subsequent proceedings of the case and to carry the [appellate court's] mandate into effect according to its terms. . . . and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms.' " *Carlson*, at ¶ 16 (quoting *State v. Burckhard*, 1999 ND 64, ¶ 7, 592 N.W.2d 523 (quotations and citations omitted)).

### A

■ [¶ 9] Regarding the 1998 case, this Court in *Herzig IV* reiterated what had been remanded in *Herzig I*:

The issue on remand was narrowly framed. The district court was required to determine what portion of the daily sanctions was to compensate Southeastern. Instead, the court found Alphild Herzig did not fully comply with the discovery orders, but determined the sanctions had abated because the sanctions were coercive. In *Herzig I*, we specifically recognized that the daily sanctions were coercive and that the district court had recognized the sanctions had a coercive effect. 2010 ND 138, ¶¶ 46, 51, 785 N.W.2d 863. We said the daily sanctions were remedial in nature because they were coercive, and the fact that the sanctions were coercive and remedial was not dispositive as to whether Southeastern's claims abated. *Id.* Our decision required the court to determine what portion of the daily monetary sanctions was intended to compensate Southeastern, and therefore survived Alphild Herzig's death. On remand, the district court did not discuss whether a portion of the daily sanctions was intended to be money damages to compensate Southeastern or whether the sanctions were a forfeiture. The district court therefore did not follow our instructions on remand.

*Herzig IV*, 2013 ND 13, ¶ 13, 826 N.W.2d 310. This Court reversed and remanded to the district court to determine "what portion of the daily monetary sanctions was to compensate Southeastern under N.D.C.C. § 27–10–01.4(1)(a) and survives Alphild Herzig's death." *Id.* at ¶ 14.

[¶ 10] While the district court held its $5,000 attorney's fees award in its June 2006 order was intended to compensate Southeastern, the court decided that "all of the daily sanctions imposed in its July 7, 2006 Checklist Order were to coerce Alphild into complying with the Court's discovery order and *none were intended to compensate Southeastern under N.D.C.C. § 27–10–01.4(1)(a)*; therefore, the daily sanctions imposed in the Court's July 7, 2006 Checklist Order did not survive Alphild Herzig's death." (Emphasis added.) Although the district court did not specifically state so, based on our prior remand the court in essence decided the entire daily monetary sanction in the July 2006

order was a forfeiture. *See Herzig IV,* 2013 ND 13, ¶ 11, 826 N.W.2d 310; *Herzig I,* 2010 ND 138, ¶¶ 47–48, 785 N.W.2d 863; *see also* N.D.C.C. § 27–10–01.4(1)(c).

[¶ 11] We conclude that the district court answered the issue we remanded in *Herzig I* and *Herzig IV,* deciding the portion of the monetary sanctions awarded in its 2006 contempt orders to compensate Southeastern and surviving Alphild Herzig's death, and we have considered the remaining issues and arguments and find they are either unnecessary to our decision or without merit. *See* N.D.R.App.P. 35.1(a)(4) and (7). We affirm the district court's June 2013 Order on Remand.

### B

[¶ 12] Regarding the 2008 case, still consolidated in this appeal, this Court held in *Herzig I* that the order substituting the personal representative in that case had been proper:

> We conclude that the district court did not err in substituting the personal representative of Alphild Herzig's estate for Alphild Herzig in the 2008 case. Southeastern's ability to obtain a judgment in the 2008 case[ ] remains largely contingent on the further proceedings on remand in the 1998 case.

*Herzig I,* 2010 ND 138, ¶ 55, 785 N.W.2d 863. In addressing the personal representative's arguments on appeal that Southeastern had failed to state a claim in the 2008 case, this Court also explained that further proceedings would be necessary:

> We have remanded the 1998 case to the district court for factual findings on Alphild Herzig's liability to Southeastern under the 2006 contempt orders. Further proceedings in the 2008 case will also be necessary in Southeastern's efforts to obtain a judgment on the 2006 orders. We therefore dismiss the personal representative's appeal of the or-

der refusing to dismiss the claims in the 2008 case.

*Herzig I,* at ¶ 70. There are differing procedural postures between the 1998 case and the 2008 case, and while the June 2013 Order on Remand constitutes a final order in the 1998 case, involving post-judgment proceedings, a final judgment has not been entered in the 2008 case. *See* N.D.R.Civ.P. 54(b); *but see* N.D.C.C. § 28–27–02(5) (reviewable orders include an "order which involves the merits of an action or some part thereof"). Southeastern commenced the 2008 case in an attempt to obtain a judgment against Alphild Herzig in its favor for the amount of monetary sanctions awarded by the 2006 contempt orders in the 1998 case. As discussed, the district court has complied with our mandate in the prior appeal and concluded that only the $5,000 attorney's fee award in the 1998 case was intended to compensate Southeastern and survived Alphild Herzig's death.

[¶ 13] We have repeated the admonition "to particularly recalcitrant litigants" that "[t]he public interest demands that, at some point, there be an end to litigation, so the parties may go about their normal business." *Holkesvig v. Welte,* 2012 ND 142, ¶ 12, 818 N.W.2d 760 (quoting *Federal Land Bank v. Ziebarth,* 520 N.W.2d 51, 59 (N.D.1994)). Because we have affirmed the district court's June 2013 Order on Remand, we therefore remand and direct entry of a judgment in the 2008 case consistent with the June 2013 Order on Remand. *See* N.D.R.App.P. 2 ("On its own or a party's motion, the supreme court may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs, except as otherwise provided in Rule 26(b)."); N.D.R.App.P. 35(a)(1) ("Upon an appeal from a judgment or order, the court may

reverse, affirm, or modify the judgment or order as to any party.").

### III

[¶ 14] We affirm the June 2013 Order on Remand entered in the 1998 and 2008 cases, and we direct remand in the 2008 case for entry of judgment in the amount of $5,000 with interest from July 5, 2006, and no award of attorney's fees. *See Jensen v. Wrolstad,* 526 N.W.2d 113, 113–14 (N.D.1994) (invoking N.D.R.App.P. 2, suspending N.D.R.App.P. 39(e)).

[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.