2014 ND 102

**Kurt G. DATZ, Plaintiff and Appellant**

v.

**Helen A. DOSCH, Defendant and Appellee.**

**No. 20130364.**

Supreme Court of North Dakota.

May 28, 2014.

Blake D. Hankey (on brief), Grand Forks, ND, for plaintiff and appellant.

Leslie Johnson Aldrich (argued) and Joshua Nyberg (appeared), Fargo, ND, for defendant and appellee.

McEVERS, Justice.

[¶ 1] Kurt G. Datz appeals from an amended judgment awarding primary residential responsibility to Helen A. Dosch; an order denying his motion to vacate, motion to strike, and demand for recusal; and a money judgment awarding attorney's fees. We affirm in part, reverse in part, and remand for further proceedings.

I

[¶ 2] The underlying facts of this case are provided in *Datz v. Dosch*, 2013 ND 148, 836 N.W.2d 598 ("*Datz I*"). Only those facts relevant to this disposition of the issues presented are reported here.

[¶ 3] This Court filed its opinion in *Datz I* on August 29, 2013, subject to petition for rehearing. *Id.* In *Datz I*, this Court "conclude[d] the district court's findings of fact on primary residential responsibility [were] not sufficiently specific and detailed to allow this Court to understand the basis for its decision" and "reverse[d] the judgment and remand[ed] for findings on the best interest factors as required by law." *Id.* at ¶ 19. We affirmed the district court's determination of other issues because the district court's findings of fact were not clearly erroneous. *Id.* at ¶¶ 25–28.

[¶ 4] The mandate of this Court's judgment and opinion was issued on October 1, 2013. Prior to the issuance of the mandate, on September 13, 2013, Dosch filed proposed amended findings of fact, conclusions of law, and order for judgment in the district court. Also prior to the mandate, on September 24, 2013, the district court entered amended findings of fact, conclusions of law, and order for judgment, followed by an amended judgment on Sep-

tember 26, 2013. Datz filed a motion to vacate, motion to strike, and demand for recusal on September 27, 2013. On October 1, 2013, Dosch responded opposing Datz's motions, demand for recusal, and requested attorney's fees. On October 22, 2013, the district court entered an order denying Datz's motions and demand for recusal. On November 7, 2013, the district court entered an order awarding attorney's fees of $873.62 against Datz and entered a money judgment. Datz timely appealed.

## II

[¶ 5] On appeal, Datz argues: (1) the district court did not have jurisdiction to issue the amended judgment; (2) the merits of the amended judgment should not be examined because the amended judgment is void for lack of jurisdiction or, in the alternative, the district court erred in awarding Dosch primary residential responsibility; (3) the district court erred in denying his motion to vacate and demand for recusal; and (4) the district court erred in awarding attorney's fees.

### A. Amended Divorce Judgment

[¶ 6] The district court entered the amended judgment prior to October 1, 2013, the date this Court issued the mandate in *Datz I*. Datz argues the district court did not have jurisdiction over the case until this Court's mandate was issued. Dosch argues the district court had jurisdiction because N.D.R.App.P. 41(b) does not provide an indefinite window of time for the mandate to be issued; rather, the mandate must be issued twenty-one days after the entry of judgment, which would have been September 20, 2013. Dosch also claims the district court reaffirmed its amended judgment through its order denying Datz's motion to vacate, motion to strike, and demand for recusal on October

22, 2013. Dosch alternatively argues, if this Court determines the district court did not have jurisdiction, this Court has the authority to temporarily return jurisdiction to the district court to reenter its amended findings and amended judgment.

[¶ 7] "It is well settled under North Dakota law that challenges to a district court's subject matter jurisdiction are reviewed de novo when the jurisdictional facts are not in dispute." *Schirado v. Foote*, 2010 ND 136, ¶ 7, 785 N.W.2d 235. The parties do not dispute the jurisdictional facts.

[¶ 8] Once a notice of appeal is filed, a district court generally loses jurisdiction. *Matter of S.E.*, 2012 ND 168, ¶ 9, 820 N.W.2d 389. "The jurisdiction of the Supreme Court attaches upon the filing of the appeal. . . . Further, an order or judgment entered by the trial court after an appeal has been filed is ordinarily void for lack of jurisdiction." *Id.* (citations omitted). It is the mandate issued by this Court that returns jurisdiction to the district court. *See Investors Title Ins. Co. v. Herzig*, 2013 ND 133, ¶ 5, 833 N.W.2d 527 (discussing the mandate returning jurisdiction to the district court).

[¶ 9] Rule 41, N.D.R.App.P., governs the issuance of a mandate. As explained in *State v. Ebertz*, 2010 ND 79, ¶ 8, 782 N.W.2d 350, "[t]he interpretation of a court rule, like the interpretation of a statute, is a question of law." "When we interpret court rules, we apply canons of statutory construction and look at the language of the rule first to determine the meaning." *Carlson v. Workforce Safety & Ins.*, 2009 ND 87, ¶ 22, 765 N.W.2d 691. We construe words to give them their "plain, ordinary, and commonly understood meaning." *Id.; see also* N.D.C.C. § 1–02–02. We also construe rules to harmonize related provisions to give meaning to each

provision if possible. *Lund v. Lund*, 2011 ND 53, ¶ 9, 795 N.W.2d 318. Rule 41(b), N.D.R.App.P., provides: "The court's mandate must issue 21 days after the entry of judgment or 7 days after entry of an order denying a timely petition for rehearing. The court *may* shorten or extend the time." (Emphasis added.) Under Rule 41(c), N.D.R.App.P., "[t]he mandate is effective when issued." While Rule 41(b) does indicate the mandate must be issued within certain time frames, it also provides discretion for extension of time. Because Rule 41(b) provides discretion to extend the time to issue the mandate and Rule 41(c) specifically states the mandate is only effective when issued, to harmonize and give each provision meaning requires an interpretation that the time frames under Rule 41(b) are not self-effectuating and do not result in automatic issuance of the mandate. Therefore, the district court did not have jurisdiction until the mandate was issued on October 1, 2013.

[¶ 10] Because the district court entered its amended judgment before the issuance of this Court's mandate returning jurisdiction to the district court, the district court's amended judgment is void for lack of jurisdiction. We could order a temporary remand simply for entry of the judgment. *See Herzig*, 2013 ND 133, ¶ 5, 833 N.W.2d 527. However, the issues on appeal are interrelated and will require further consideration by the district court. We, therefore, remand to the district court for sufficiently specific and detailed findings of fact consistent with our opinion in *Datz I* and to determine what proceedings may be necessary. We are not determining whether the district court's voided amended judgment awarding Dosch primary residential responsibility complies or does not comply with our mandate.

[¶ 11] The district court had jurisdiction over the case when it issued its order on October 1, 2013, denying Datz's motion to vacate, motion to strike, and demand for recusal and money judgment awarding attorney's fees. Therefore, we review the merits of the district court's order and money judgment.

B. Motion to Vacate, Motion to Strike, and Demand for Recusal

1. Motion to Vacate

[¶ 12] The district court denied Datz's motion to vacate the amended judgment. Datz argues the district court abused its discretion by denying his motion to vacate because the motion correctly asserted the district court did not have jurisdiction. Dosch claims the district court's denial of Datz's motion to vacate was proper because Datz provided no argument establishing how the district court abused its discretion in denying his motion to vacate. Dosch also argues the district court, in denying the motion to vacate, affirmed its prior findings.

[¶ 13] In *Vann v. Vann*, 2009 ND 118, ¶ 10, 767 N.W.2d 855 (citations omitted), we explained the standard of review we apply in consideration of a district court's denial of a motion to vacate.

This Court reviews a district court's denial of a motion to vacate a judgment for an abuse of discretion. We do not determine whether the court was substantively correct in entering the judgment from which relief is sought, but determine only whether the court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established. A district court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.

An abuse of discretion also occurs when a district court "misinterprets or misapplies the law." *Praus v. Praus*, 2010 ND 156, ¶ 9, 786 N.W.2d 697. The district court provided no explanation for denying the motion to vacate, other than a blanket statement that "other issues raised by the Plaintiff [were] without merit." The district court made no mention of jurisdiction nor of affirming the amended findings or judgment. Here, Datz's motion to vacate correctly asserted the district court lacked jurisdiction to issue the amended judgment prior to this Court's issuance of the mandate. The district court's denial of Datz's motion to vacate constituted a misapplication of the law, therefore, constituting an abuse of discretion. We reverse the order denying the motion to vacate.

### 2. Motion to Strike

[¶ 14] The district court denied Datz's motion to strike. In its order denying the motion to strike, the district court explained:

The Exhibits entered ... on September 24, 2013, related to an Interim Order hearing in April of 2012. Those Exhibits were sealed, and just recently sent to the Clerk for filing. They had nothing to do with the Amended Findings, Conclusions of Law, and Order for Judgment.

In his brief on appeal, Datz concedes he "does not now contest the district court's filing of the exhibits." Accordingly, we do not address the issue of the district court's denial of Datz's motion to strike.

### 3. Demand for Recusal

[¶ 15] The district court denied Datz's demand for recusal. Datz argues the district court abused its discretion in denying his demand for recusal. Datz asserts the district court's bias is evidenced by its (1) adopting Dosch's proposed amended judgment when it did not have jurisdiction, without any further proceedings, and without providing Datz the opportunity for input regarding the amended findings and amended judgment, (2) failing to provide an explanation for not recusing itself, and (3) awarding attorney's fees to Dosch because Datz made a demand for recusal. Dosch claims the district court's decision to deny Datz's demand for recusal is based on Datz's lack of credibility with the district court.

[¶ 16] When making a recusal decision, a "judge must determine whether a reasonable person could, on the basis of all the facts, reasonably question the judge's impartiality." *State v. Murchison*, 2004 ND 193, ¶ 13, 687 N.W.2d 725.

The law presumes a judge is unbiased and not prejudiced. We have said a ruling adverse to a party in the same or prior proceeding does not render a judge biased so as to require disqualification. The test for the appearance of impartiality is one of reasonableness and recusal is not required in response to spurious or vague charges of impartiality.

*Lund*, 2011 ND 53, ¶ 14, 795 N.W.2d 318 (citations omitted). "Although a judge has a duty to recuse when required by the Code [of Judicial Conduct], a judge also has an 'equally strong duty not to recuse when the circumstances do not require recusal.'" *State v. Jacobson*, 2008 ND 73, ¶ 13, 747 N.W.2d 481 (quoting Center for Professional Responsibility, American Bar Association, Annotated Model Code of Judicial Conduct 187 (2004)). "A district court's decision on a motion for recusal is reviewed under the abuse of discretion standard." *Rath v. Rath*, 2013 ND 243, ¶ 14, 840 N.W.2d 656. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational

mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *McGhee v. Mergenthal,* 2007 ND 120, ¶ 9, 735 N.W.2d 867. Neither party requested a hearing on the demand for recusal. Without a hearing transcript or detailed findings, it is difficult to know what factors the district court considered in denying the demand for recusal.

[¶ 17] "The mere fact that a judge has previously ruled against a party does not demonstrate bias requiring disqualification." *Lund,* 2011 ND 53, ¶ 14, 795 N.W.2d 318. An erroneous opinion as to the merits of the case or the law relating to the proceedings is not evidence of bias. *Ireland's Lumber Yard v. Progressive Contractors, Inc.,* 122 N.W.2d 554, 562 (N.D.1963). Datz asserted that the adopting of Dosch's proposed amended judgment when it did not have jurisdiction, without any further proceedings, and without providing Datz the opportunity for input regarding the amended findings and amended judgment, evidenced the district court's bias. In this case, the district court's misapplication of the law, resulting in an issuance of a void amended judgment, does not rise to the level at which a judge's partiality might reasonably be questioned. The remand allowed for further proceedings, but did not designate any certain type of proceeding. *Datz I,* at ¶ 29. This Court on remand did not require further hearing, briefing, or submission of proposed findings by the parties. *See id.* There is nothing in the record to indicate the district court required or invited post appeal briefs or proposed findings. Standing alone the fact that the district court adopted Dosch's proposed findings when Datz did not submit proposed findings, does not show bias by the district court.

[¶ 18] Recusal is not required in response to vague charges of impartiality. *Lund,* 2011 ND 53, ¶ 15, 795 N.W.2d 318 (relying on *Woodward v. Woodward,* 2010 ND 143, ¶ 9, 785 N.W.2d 902). Datz made the vague and conclusory assertion that by failing to provide an explanation for not recusing itself the district court evidenced its own bias. The district court did not fully explain its reasons for not recusing, finding only that Datz's demand for recusal to be without merit. Datz has provided no authority which requires the district court to make detailed findings explaining when denying a demand for recusal. Courts need not consider arguments not adequately supported and briefed. *Hale v. State,* 2012 ND 148, ¶ 40, 818 N.W.2d 684.

[¶ 19] Datz made the vague and conclusory assertion the district court's bias was evidenced by its award of attorney's fees because he made a demand for recusal. The district court did not specifically state why attorney's fees were awarded. It appears the order awarding attorney's fees was based on the district court's belief that Datz's claims were without merit, the request was reasonable, and Datz had the ability to pay. As noted above, an erroneous opinion on the merits of the case is not evidence of bias. *See Ireland's Lumber Yard,* 122 N.W.2d at 562.

[¶ 20] In summary, Datz makes no more than vague and conclusory allegations based on mere speculation of the district court's alleged bias. While findings and analysis regarding its reasoning would have been helpful, we conclude this record does not objectively establish that the district court's impartiality might reasonably be questioned. We affirm the order denying Datz's demand for recusal.

## C. Award of Attorney's Fees

[¶ 21] The district court awarded Dosch attorney's fees of $873.62, finding "the issues raised by [Datz] to be without merit." Neither Dosch, in requesting attorney's fees, nor the district court in granting attorney's fees identified the source of authority for such an award. The district court found $873.62 was a reasonable amount "for the time expended to respond to [Datz]'s Motion to Vacate, Motion to Strike, and Demand for Recusal" and Datz "had the ability to pay."

[¶ 22] An award of attorney's fees is within the district court's discretion and will only be disturbed on appeal if the district court abuses its discretion. *Wolt v. Wolt*, 2011 ND 170, ¶ 26, 803 N.W.2d 534. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *Id.*

[¶ 23] Datz asserts the district court erred in awarding attorney's fees because the district court simply labeled Datz's motions as frivolous without any explanation. Relying on *Reiser v. Reiser*, 2001 ND 6, 621 N.W.2d 348, Datz also asserts the district court did not follow proper procedure for awarding attorney's fees. Under N.D.C.C. § 14–05–23, an award of attorney's fees during a divorce proceeding based on "the parties' financial conditions and needs" is also within the district court's discretion. *Reiser*, 2001 ND 6, ¶ 15, 621 N.W.2d 348. Specific findings supported by the evidence regarding the parties' financial conditions and needs are required to award attorney's fees. *Id.* at ¶ 5. Because the district court made only a finding on Datz's ability to pay without balancing Dosch's need, if the district court was applying N.D.C.C. § 14–05–23, it abused its discretion. *See Reiser*, at ¶¶ 15–17 (concluding a trial court abused its discretion in awarding attorney's fees without a finding regarding a party's need).

[¶ 24] Dosch contends the award of attorney's fees is appropriate, because Datz's motion to vacate and motion to strike were frivolous under N.D.C.C. § 28–26–01(2) and Datz's demand for recusal "was brought without reasonable cause, in bad faith, was patently untrue, and was likely to delay the process even further" under N.D.C.C. § 28–26–31. There is nothing in the record that would indicate the district court relied on N.D.C.C. § 28–26–31; therefore, this argument will not be further addressed.

[¶ 25] Under N.D.C.C. § 28–26–01(2):

[T]he court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim. . . .

"Frivolous claims are those which have such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in that person's favor." *Wolt*, at ¶ 26. Under N.D.C.C. § 28–26–01(2), a district court has the discretion to determine whether a particular claim is frivolous and "decide the amount and reasonableness of an attorney's fee award." *Id.*

[¶ 26] It appears the district court awarded attorney's fees to Dosch under N.D.C.C. § 28–26–01(2) when it found the issues raised by Datz were without merit. While the district court made no specific finding that the motions were frivolous, finding the issues to be "without merit" has a similar tone. *See Eggl v. Letvin Equip. Co.*, 2001 ND 144, ¶ 23, 632 N.W.2d 435 (explaining that an argument is without merit if it is devoid of supportive reasoning or citations to relevant authorities). Datz's motion to vacate was not frivolous because the district court did not have jurisdiction to issue the amended judgment until this Court's mandate was issued. The district court's denial of Datz's motion to vacate constituted a misapplication of the law. Awarding attorney's fees when a party points out a misapplication of the law is an abuse of discretion. On this record, we do not have sufficient information to ascertain whether, and if so, how much of, the attorney's fees awarded is proper or improper under our ruling here and applicable statutory authority. We, therefore, reverse the district court's attorney's fee award and remand for findings and a determination as to whether attorney's fees are statutorily recoverable in connection with Dosch's defense of Datz's motion to strike and demand for recusal.

### III

[¶ 27] We reverse the district court's amended judgment, concluding the district court lacked jurisdiction, and remand for sufficiently specific and detailed findings of fact consistent with our mandate in *Datz I*, 2013 ND 148, 836 N.W.2d 598. We reverse the order denying the motion to vacate, affirm the denial of the demand for recusal, and do not address the denial of the motion to strike. We reverse the money judgment awarding attorney's fees and remand to the district court for findings

regarding whether an award of attorney's fees is appropriate.

[¶ 28] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.